CHRISTIAN, J.
This is an appeal from a decree of the Circuit court of the city of Richmond.
■ The facts disclosed by the record are as follows:
• Richard A. Carrington died intestate, some time during the year 1855, seized of a large real estate in the *city of Richmond. He left surviving him a widow and four children.
Soon after his death a certain portion of ' his real estate was, in pursuance of an order of the court of Hustings of the city of Richmond, assigned to his said widow for her dower, which is described by the commissioners who . made the assignment as ‘ ‘the house and lot on the west side of Seventeenth street, between Main and Cary, having a front of 50 feet, and now occupied by Stearns & Brummel; * * the lot No. and the vacant 26, on Union street, * * lot N on Valley street.”
On the 2d day of March 1863, R. M. Cary, who had qualified as the guardian of two of the infant children, Mary E. and Emily C. Carrington, filed his bill in the Circuit court of the city of Richmond, against the widow and heirs of the said Richard A. Carring-ton ; the two last named being infants. The bill and all the other papers in that suit were destroyed, except three decrees, which have been preserved, and are copied in the record before us, as exhibits in this suit by the appellees.
The first decree was entered on the 2d March 1863, and shows that the guardian, R. M. Cary, filed his bill against the widow and heirs of the said Richard A. Carring-ton, and on his motion a guardian ad litem was appointed to the infant defendants, to defend them in this suit; and the said infant defendants, by their guardian ad litem as aforesaid, the said guardian ad litem, the said infants (who are over the age of fourteen years), and the adult defendants, by counsel, filed their answers to the said bill, to which the plaintiff replied generally; and by consent of parties the cause was ordered to be docketed. On the 9th March 1863, the following decree was entered:
‘ ‘This cause came on this day to be again heard on the bill, answers, replications, exhibits,'examination of witnesses, and was argued by counsel. On consideration whereof, the court doth adjudge, order and decree that Geo. W. Randolph, esq., who is hereby appointed a Commissioner for that purpose, shall, after advertising, &c., &c., expose to sale at public auction, on the premises, to the highest bidder, the dower estate of Mrs. Eouisa Carrington in the bill mentioned.” The decree then provides the usual terms of sale of real estate at that time, and provided that purchasers might anticipate the payments, and pay the whole, or any part thereof, in cash, when the interests should be rebated.
The only remaining decree which has been preserved, is one entered on the 22nd May 1863, in which the cause came on to be heard on the papers formerly read, the report of Commissioner Randolph, with the account of sales, the two statements of Jno. A. Eancaster & Co., the report of the surveyor and the bond of nineteen thousand dollars, therein mentioned, and with a report filed on that day. On consideration whereof, it was adjudged and decreed that “the sale of the real estate reported by the said commissioner and the investment made by him be confirmed.” And the commissioner was directed to convey the said real estate to the purchasers respectively.
There are filed with the bill of the appel-lees, two deeds executed by Geo. W. Randolph, commissioner, to the purchasers, as directed by the last recited decree. One of these deeds, after reciting the decree, and the sale made in pursuance thereof, conveys to Frederick C. Brauer “a lot on the west side of 17th street, between Main and Cary *947 streets, in the city of. Richmond, fronting fifty feet on 17th street, and running back one hundred and thirty feet, with a large brick warehouse thereon, formerly occupied by Stearns & Brummel; the said lot being a part of the dower estate of Mrs. Bouisa Carrington.” The other deed, after like recitals, conveys to Henry Metzger lot H, by certain metes and bounds, the said lot being a part of the dower estate of Mrs. Bouisa Carrington, the widow of R. A. Carrington, dec’d.
The property conveyed to Brauer, to wit: the warehouse *and the larger portion of the lot on 17 th street, was sold in 186S, and conveyed by Brauer and wife to D. N. Walker, executor of John S. Walker, and trustee for Buey W. Walker and her children, and the remaining portion of that lot was sold and conveyed to John M. Otey on the 6th November 1868.
In January 1869, Emily C. Carrington and Mary Eliza Carriñgton (who were both infants when the proceedings above referred to were had in the Circuit court of the city of Richmond in the year 1863), having arrived at age and married, the one with William M. Page, and the other with George A. Thomas, a bill was filed by the said William M. Page and wife, and George A. Thomas and wife, against the purchasers of the real estate sold by George W. Randolph, commissioner, and those who claim under said purchasers and in possession of the same.
After setting forth the proceedings in the suit above referred to, the sale under the decree by George W. Randolph, commissioner, the confirmation of that sale and the investment of the proceeds in Confederate States bonds, they ask that the sales may be set aside, because the commissioner was not authorized to receive Confederate currency, and was not authorized to invest the proceeds of sale in Confederate bonds; and they insist “that the conveyances to the purchasers at that sale were of no binding force or validity, as against any of the parties to said suit who were entitled to said real estate, except such as were capable of assenting thereto; and that at the date of said transactions, the female complainants being both infants, were legally incapable of assenting thereto, and have, since they attained lawful age, never in any way ratified or assented to the same; without which they humbly insist they cannot be deprived of their real estate.”
The bill was answered by the defendants, Metzger, Brauer, David N. Walker, trustee of Buey Walker and *her children, and John M. Otey, and was taken for confessed as to the other adult defendants, and came on to be heard upon the bill and answers and examination of witnesses ; and the said Circuit court ‘ ‘being of opinion that the decree of the 22d May 1863, in the bill mentioned, confirming the sale and directing conveyances of the real estate as alleged in the bill, held by the defendant, Bouisa Carrington, as her dower, {a copy whereof is filed as an exhibit in this cause), is not binding upon the female complainants,” &c., it was adjudged and ordered “that the said decree, so far as it was intended to divest the rights and inter*-ests of the female complainants in the said-real estate be set aside; and that the deeds-of conveyance made in pursuance of said decree, so far as they were intended to convey the rights and interests of the femalé' complainants, be and the same are hereby set aside and annulled, and the said female complainants are hereby declared to be entitled to the same rights and interests in the said real estate, as they would be entitled to respectively if said sales and conveyances had never been made.
It is from this decree that an appeal has-been allowed to this court.
It will be observed that the plaintiffs irl their bill place their claim for relief uport two grounds: 1st. That Commissioner Ran' dolph was not authorized to sell and convey* the real estate in which they had a revet" sion, for Confederate money, and had no authority to make for them an investment in Confederate bonds; and 2d. That if such proceedings were binding upon those who assented to them, being of lawful age, they were not bound by them, because they were infants; and having now attained lawful age, they may now impeach the validity of the judicial proceedings which divested them of their real estate without their consent. These are the grounds taken by the plaintiffs in their bill. There are other ^grounds urged in argument in this court, which will be fully considered presently.
The decree directing a sale was pronounced by the Circuit court of the city of Richmond, on the 9th day of March 1863. At that time, the fact that Confederate States treasury notes was the only currency in circulation in this State, is so notorious, that if there was no proof on the subject, in the record, it might betaken notice of judicially, by this court, as a matter of current public history. And all decrees pronounced by the courts of this Commonwealth for the sale of property at as late a period of the war as the year 1863, and all judicial sales made under such decrees, must be taken to be rendered and made for the currency which then constituted the only circulating medium of the country, unless such decree in plain terms, directed otherwise.
It is impossible to conceive that the able and experienced judge who entered the decree referred to; intended that the commissioner he appointed to execute his decree should sell the property for any other currency than that which was the only circulating medium. There was nothing in the terms of the decree to show such a purpose. It directed its commissioner to sell the property at public auction to the highest bidder, “requiring cash sufficient to defray the expenses of sale, and negotiable notes well endorsed, payable in six, nine and twelve months, for the remainder;” and allowed the purchaser to anticipate the paj--ments, and pay the whole amount of the *948 purchase money in cash. By the express terms of this decree, the commissioner was fully authorized to receive the purchase money in Confederate States treasury notes. That the courts of this Commonwealth during- the war had the authority to decree sales for Confederate money, and to make investments of funds under their control in Confederate securities is no longer an open question. It is definitively settle by legislative enactment, by repeated decisions of this court recognizing *the validity of such .decrees and investments, and by the Supreme Court of the United States. Transactions in Confederate currency during the war, and investments in Confederate securities (when properly made), must now be held to be as valid and binding as if made in times of peace in a sound currency. To hold such transactions null and void would unsettle half the titles to real estate throughout the Commonwealth, and would beget universal discord, confusion and chaos.
But it is insisted by the learned counsel for the appellees, that when the decree was entered the plaintiffs in this suit were infants, and that they now have the right to show cause against the decree of March 9th, 1863; and that they now have the right 'to show that this decree was not warranted, because it was not to the interest of the infants that the real estate should have been sold at the time the said decree was rendered.
The right of an infant to show cause against a decree which affects his interests, after he arrives at age, must he limited to this extent, to show cause existing at the rendition of the decree; and not such as arose afterwards.
'The question always must be, can any cause be shown why the decree, at the time it was rendered, was not a legal and binding decree? In this case it is proposed to show by the infants, after they arrive at age, that it was not to their interest to sell the real estate in the decree mentioned,- and -that, therefore, the court was not warranted in decreeing the sale. And it is .urged that it did not promote the interests of the infants, because the land sold was a reversion expectant on the expiration of their mother’s do.wer estate; that such sale was to the widow’s benefit, but not the infants’; that it secured .to her a larger income than the rental .value, but was a sacrifice of their reversionary interest, and a total loss to them of real estate worth $10,000 and upwards in gold.
It is to be observed, that the jurisdiction of the court *and the regularity of the proceedings are not questioned; nor is it pretended that there is any error upon the face of the record, or that the case made by the record did not warrant the decree.
But the stress of the argument is, that the interest of the infants was not promoted by the sale, because the sale was made for Confederate currency, and because the proceeds of sale were invested by the court for the infants in Confederate securities. This argument is not based upon the evidence before the court at the time the decree was entered for a sale of the property; is not made in the light of the facts then existing and proved before the court, but upon facts existing subsequent to the decree, and in the light of events that happenfed after-wards. It is easy to show now, after the close of the war, after Confederate currency and Confederate securities have perished, that, as subsequent events have transpired, the interests of the infants have not been promoted by a sale of their real estate. And if such considerations could govern the adjudications of this court, then every sale of real estate in which infants were interested, made under decrees of courts during the war, must be vacated and annulled: for in every case, as events have happened, their interests cannot be said to have been promoted by a sale of their real estate.
This very state of things strongly illustrates the necessity and wisdom of the rule, that the privilege accorded to the infant to show cause against a decree disposing of his real estate, is limited to a cause existing at the time the decree was pronounced. He may show cause within six months after attaining full age, against a decree in a suit, to which he was a party as an infant. But what cause can be shown to entitle him to vacate the decree? Can he show that in the light of subsequent events it has turned out that his interests have not been promoted by a sale of his real estate? Can he, upon arriving at age, introduce evidence to contradict the evidence upon which the court acted in deciding that his interests would be promoted by a sale? Will he be permitted, years after the decree has been pronounced by a court of competent jurisdiction, under regular proceedings, upon satisfactory evidence, and when the property has for years been in the hands of a bona fide purchaser, to show, not that the case made by the record did not warrant the decree, but that upon evidence taken long afterwards, and in the light of facts, not as they existed at the time of the decree complained of, but in the light of subsequent events the decree was not warranted? And especially when these subsequent events were the results of civil and political revolutions, over which' the parties and the courts of chancery had no control, and could not possibly foresee? ' Certainly the infant, upon arriving at age, can show no such cause as this, to entitle him to vacate a decree made against him while an infant. He may show error upon the face of the record; or he may show that the court had no jurisdiction to enter the decree; or if it had jurisdiction, that the proceedings were irregular and not binding upon the parties; or he may show that the case made by the record did not warrant the decree. But whatever cause he may properly show, he certainly cannot reopen the case, and introduce evidence to contradict that already given and acted upon by the court that entered the decree. *949 If the court which pronounced the decree had jurisdiction of the subject and the parties ; if its proceedings were regular and in accordance with the requirements of law; and the decree is sustained and justified by the evidence then introduced, the infant will not be allowed, as against a bona fide purchaser, to go out of the record to show that, upon facts and events arising subsequent to the rendition of the decree, his interests were not promoted by a sale of his real estate.
To establish a contrary doctrine would in effect defeat *the very object of the law, and effectually prevent the sale of any real estate belonging to infants.
For who would purchase, at a judicial sale, real estate belonging to infants, if their title could be destroyed years after-wards by the introduction of evidence to contradict that upon which the decree was based? How could a purchaser ever know when a decree was valid and binding; for it would be simply impossible for him to conjecture what evidence might be hunted up to contradict the evidence upon which the decree was founded.
In the case before us the record of the proceedings have been destroyed, except the decrees before referred to. But in the decree directing the sale, the cause came on to be heard upon the bill, answers, replications, exhibits and examination of witnesses. We are not informed what was the testimony before the Circuit court of the city of Richmond, to show that the interests of the infants would be promoted by a sale of the real estate in the proceedings mentioned; but we are bound to presume that the evidence was of such a character as to satisfy the intelligent, careful and experienced judge who entered the decree for sale, that the interest of the infants would be promoted by that sale. It is worthy of remark, too, that the mother of these infants was a party to the suit in which the decree was entered, that the infants were represented by a guardian ad litem, and all of the parties represented by counsel distinguished for his professional and personal integrity, who was the commissioner that made the sale, and invested the proceeds under the order of the court. It is to be presumed, then, that the interests of the infants were well considered, and that under the circumstances which then surrounded the transaction, and in the Tight of the events then transpiring, the court was satisfied upon the evidence then before it, ‘"that the interest of the infant defendants would be promoted” by a sale of the real estate. It is true, that subsequent events caused the sacrifice of *the property, and total loss of the investment made for their benefit; but these were events beyond all mortal prescience, and could not be anticipated. If the Confederacy had been a success, then, in point of fact the sale and investment would have “promoted the interests of the infant defendants;” for they would have found themselves in possession of property of double the value of that which was sold.
It was their misfortune that their property was sold and the proceeds invested in what has proved utterly worthless. But the sale was decreed, and the investment made by a court of competent jurisdiction, upon lawful and regular proceedings, and the real estate has passed and the title vested in bona fide purchasers who were only bound to see that all the parties necessary to convey the title were before the court, and that the sale was in accordance with the decree. Their title cannot now be divested by showing, that by events subsequent to that decree, it has turned out that the interests of the infants were not promoted by the sale.
I proceed now to notice briefly another ground upon which the decree of the court below is sought to be maintained. It was not taken in the bill or in the pleadings in the cause, but was relied upon with much confidence by the learned counsel for the ap-pellee in their argument before this court. It is now insisted, for the first time, that the fee simple in the real estate referred to, was not decreed to be sold by the decree of March 9th, 1863, but only the life estate of Mrs. Rouisa Carrington. The decree directs Geo. W. Randolph, esq., who was appointed a commissioner for the purpose, “to expose to sale at public auction, on the premises, to the highest bidder, the dower estate of Mrs. Rouisa Carrington in the bill mentioned. ’ ’ It will be remembered that the bill in the suit of Carrington v. Carrington has been destroyed. If it were in existence, it could certainly be looked to to ascertain the effect and meaning of the decree; but it is manifest ifrom the papers in said suit, which have been preserved, that the words “the dower estate of Mrs. Rouisa Carrington,” must be taken as a description of the property which had been assigned to Mrs. Carrington as her dower.
In the first place, the bill was filed by the guardian of Mary E. and Emily C. Car-rington, infants over the age of fourteen years, against the said infants and their mother, Rouisa Carrington, George M. Car-rington, George W. Jones, and Rouisa, his wife, who were all of the heirs of the late Richard A. Carrington. We can only gather the objects of the bill from the proceedings ; and it is obvious that that object was to have the interest of the infant defendants, Mary E. and Emily C. Carrington, in real estate sold. It could not have been to sell the dower interest of the defendant, Rouisa Carrington, for with that the plaintiff, who was the guardian of the infants, had nothing whatever to do, nor was it necessary to invoke the aid of a court of Chancery to sell her dower interest.
On the 22d of May 1863, the cause came on again to be heard upon the report of Commissioner Randolph, with the account of sales, the two statements of John A. Ran-caster & Co., the report of the surveyor, and the bond of $19,000. When the court decreed that the sale of the real estate (not of the dower interest therein), reported by said commissioner, and the investments made by him, be confirmed, and directed a convey- *950 anee of the said real estate to the purchasers.
The records still preserved show the investments in this suit to consist of two bonds of the .Confederate States, one for $19,000, the other, for $1;300, payable to George W. Randolph, commissioner, interest to Mrs. Louisa, Carrington for life, afterwards, as the court may direct. I think this, of itself, would conclusively show that the whole fee simple in the property was sold, and not merely Mrs. Carrington’s dower interest; for in that *case she would have been absolutely entitled to the whole funds. But in addition to this, the deeds executed by Commissioner Randolph to the purchasers convey to them the lots by metes and bounds, and not the dower interest of Mrs. Carrington in those lots.
X think, therefore, it is evident that the term, “dower estate,” was used in the said decree to describe the property to be sold, and not the -interest in that property. The term “dower estate” was employed for brevity, to designate the particular part of the estate of Richard A. Carrington, which was ordered to be sold.
This is the obvious meaning of the decree gathered from all the proceedings, and this is its plain meaning as understood by the appellees when they' filed their bill. The point is made for the first time, in argument of the learned counsel here, and is an argument growing out of the pressing exigencies of their case. But superadded to all this is the direct evidence of the auctioneer, W. Goddin, who sold the property, that the fee simple and not the dower was sold, together with the pregnant fact that George W. Carrington and George W. Jones and wife, who were the adult parties to the suit of “Carrington v. Carrington,” have never asserted any claim whatever, for their remainders in fee to said property.
It is clear that where a doubt arises as to the meaning and effect-of a decree, it may be ascertained by reference to the bill and other proceedings, particularly where these are referred to in the decree itself. Looking to the proceedings and the papers in the cause which have been preserved from destruction, I am of opinion that the decree of the 9th March 1863, directed a sale of the fee simple of the real estate in which Mrs. Louisa Carrington had been assigned her dower, and that the title acquired by the purchasers is a complete and perfect title, of which they cannot now be divested at the suit of the appellees.
, X am, therefore, of opinion that the decree of the *Circuit court of the city of Richmond, pronounced on the 10th day of December 1869, should be reversed, and the bill of the appellees should be dismissed.
The other judges concurred in the opinion of Christian, J.
After the. opinion in this case had been delivered, and the decree dismissing the bill generally had been entered, those of the appellees who had been plaintiffs in the court below, moved the court to modify the decree, so as to leave the decree of the Cir- • cuit court as to the defendant, Metzger, a purchaser at the sale by the commissioner, of one of the lots sold, in force; Metzger not having appealed from that decree.
CHRISTIAN, J., delivered the opinion of the court.
After the opinion in this case was delivered, and the. order entered, reversing the decree of the court below, and dismissing the bill, Messrs. Maury and Dunlop, of counsel for the appellee, moved the court to amend the order, so that the bill should not be dismissed as to Henry Metzger, one of the_ defendants in the suit in the Circuit court.' It is now insisted that the decree of the said Circuit court ought not to be reversed as to him, because he did not appeal from the said decree.
The act of the General Assembly, approved June 23d, 1870, entitled “an act to-amend the provisions of the Code in regard to the Supreme court of appeals, so as to make them conform to the new constitution,” contains among others, the following provision: “$ 12. Every appeal, writ of error, or supersedeas, shall, when it is to or from a judgment, decree, or order of any county-court, be docketed in the Circuit court which has jurisdiction over such county; and when it is to or from a judgment, decree, or order of any other court, be docketed in the court of Appeals. The clerk of the court *wherein it is docketed, shall issue.a summons against the parties interested, other than the petitioners, that they may be heard, and also issue any supersedeas which may be awarded.” Under this provision of the statute, Metzger, who was a co-defendant with Walker’s ex’or and Otey and wife, was before this court as one of the appellees.
Among the rules adopted by this court is the following: “Rule IX. In any appeal, writ of error, or supersedeas, if error is perceived against any appellee or defendant, the court will consider the whole recoi'd as before them, and will reverse the proceedings either in whole or in part, in the same manner as they would do were the appellee or defendant to bring the same before them, either b} appeal, writ of error, or superse-deas, unless such error be waived by the appellee or defendant; which waiver shall be considered a release of all error as to him.”
It is not pretended that there was any waiver operating as a release of error as to the appellee, Metzger. But it is urged, that inasmuch as he did not unite in the appeal, the bill ought not to be dismissed as to him; but that he is still bound by the decree of the said Circuit court. That decree set aside and annulled a sale of real estate, and the conveyances made under it, by authority of the decree made by the same court (but not the same judge), in March 1863.
Metzger was a purchaser of a part of that real estate made at the same sale, by the same commissioner under said decree, at *951 which and from whom Brauer, the vendor of Otey and Walker, was a purchaser.
This court having reversed the decree of the said Circuit court, annulling the said sale, and setting aside the conveyances under it, has, in effect, affirmed that the said sale and conveyances were lawfully and regularly made, and conferred upon the purchasers under it a valid and legal title.
*If the decision in this case had been based upon the ground alone, that Otej' and wife, and Walker’s ex’or were bona fide purchasers without notice, while Metzger could not claim upon the same ground, then there might be some reason for the motion urged by the appellee’s counsel. But this court having decided that the decree of March 1863, was a valid decree, made by a court of competent jurisdiction, and binding on the infant defendants; and that the purchasers under said decree obtained a valid title, Metzger, the party not appealing, stood on the same ground with the parties who appealed, and their rights were all involved in the same question, and equally affected by the decree. There was a common ground of defence upon which all the parties stood, and the appeal of any one of them necessarily brings under review the propriety of the whole decree, and devolves upon this court the duty of correcting and reversing it in favor of Metzger, as well as of the other defendants, who appealed from the decree. The statute declares that where this court shall reverse the decision of an inferior court, “it shall enter such judgment, decree, or order as the court, whose error is sought to be corrected, ought to have entered,” and this court being of opinion that the decree of the said Circuit court was erroneous in annulling and setting aside the sales under the decree of March 1863, and thereby declaring that said decree was valid, and that the sales made under it conferred a good title upon the purchasers, can of necessity enter no other decree than one dismissing the bill, which is the decree that the said Circuit court ought to have entered. And the bill must be dismissed as to all the defendants whose rights are equally affected by the decree reversed.
The rule established by the practice and decisions of this court may be stated to be this: where the parties stand upon distinct and unconnected grounds, where their rights are separate, and not equally affected by the ‘same decree or judgment, then the appeal of one will not bring up for adjudication the rights or claims of the other. Tate v. Liggat & Matthews, and Liggat & Matthews v. Morgan, 2 Leigh, 84, 107. But where the parties appealing, and the parties not appealing, stand upon the same ground, and their rights are involved in the same question, and equally affected by the same decree or judgment, this court will consider the whole case, and settle the rights of the parties not appealing, as well as those who bring their case up by appeal. Lewis v. Thornton, 6 Munf. 87, 97; henows v. Lenow, 8 Gratt. 349; Liggat & Matthews v. Morgan, 2 Leigh, 84; Purcell v. McCleary, 10 Gratt. 246.
For the reasons above stated, the motion of the appellee’s counsel in this case must be overruled.
Decree of the Circuit court reversed; and the bill dismissed as to all the parties.
JUDICIAL SALES.
I. Definition.
II. What Constitutes a Judicial Sale.
III. Jurisdiction of Court.
A. Of Sub: ect-Matter.
B. Of the Parties.
IV. Necessary Parties to Sale of Lands.
' A. who Are Necessary Parties.
B. who Are Not Necessary Parties.
V. Enquiry into Rents and Profits.
A. Old Rule.
(a) Reasonable Time to Discharge Debt.
B. Statutory Rule.
(b) Five Years.
VI. Taking Account of Liens.
A. The Rule.
B. Reason for the Rule.
O. Notice.
D. who May Not Take Account of Liens.
E. when Not Necessary.
F. In General.
VII. Requisites of Decree (See Account of Liens).
VIII. Sale Must Follow Decree.
IX. Collateral Attack of Decree of Sale.
X. Notice of Sale.
XI. Discretion of Court in Sale.
XII. Terms of Sale.
XIII. Redemption.
XIV. who May Sell.
XV. Bond of Commissioner.
A. Necessity for.
B. Validity.
C. Liability.
XVI. Deed of Commissioner.
XVII. Objections waived Unless Taken in Lower Court.
A. In General.
B. To Commissioner’s Report (See Commissioners in Chancery).
C. To Confirmation.
XVIII. Expenses.
XIX. Proceeds of Sale.
A. Disposition.
B. Right of Commissioner to Collect Proceeds.
XX. Bidders.
A. Who May Bid.
B. Combinations among Bidders.
C. Puffers.
XXI. Opening Biddings.
A. Procedure.
B. Discretion of Court.
C. Upset Bids.
XXII. Setting Aside Sale.
A. After Confirmation.
B. Before Confirmation.
C. In General.
1. Sale Set Aside.
2. Sale Not Set Aside.
*952 XXIII. Purchasers.
A. Eights of Purchasers.
B. Liability of Purchasers.
O. The Title That Passes to the Purchaser.
1. Commissioner’s Deed.
2. In General.
3. Effect upon Reversal of Decree.
4. Rule of Oaveat Envptor.
D. Right of Possession.
E. Depreciation of Property between Salé and Confirmation.
P. Payment to Unbonded Commissioner.
G. who May Not Purchase.
H. Purchasers by Estoppel.
XXIV. Re-sale.
XXV. Rights of Tenants in Possession.
XXVI. Appeal.
A. who May Appeal.
B. Who Cannot Appeal.
C. In General.
XXVII. Confirmation.
A. Effect.
B. Discretion of Court.
C. Who May Obi ect.
D. When Withheld.
B. In General.
XXVIII. Right of Dower.
Cross References.
Attachments, appended to Lancaster v. Wilson, 27 Gratt. 624.
Bonds.
Commissioners in Chancery, appended to whitehead v. Whitehead, 23 Gratt. 376. Creditor’s Bill.
Dower, appended to Davis v. Davis, 25 Gratt. 587.
Executors.
Guardian and Ward.
Fraudulent and Voluntary Conveyances. Infants.
Partition.
Suretyship.
Sale of Delinquent Lands.
Vendor and Purchaser.
I.DEFINITION.
A judicial sale is one which is made by a court of competent jurisdiction in a pending suit, through its authorized agent. Terry v. Coles, 80 Va. 695; Alexander v. Howe, 85 Va. 198, 7 S. E. Rep. 248; Hess v. Rader, 26Gratt. 746; Palmerv. Garland, 81 Va. 444.
II.WHAT CONSTITUTES A JUDICIAL SALE.
Will appointed a commissioner to sell land atpublic auction, but he is not to act under the decree until he gives bond, etc., faithfully to perform this and any future decrees made in the cause. He does not execute the bond, but he sells the land at private sale to H which he reports to the court. The court confirms the sale, and directs him to collect the money and invest it; and H pays him the whole purchase money; only a part of which he invests, and dies insolvent. Held,
The sale having been made by a commissioner under a decree of the court, and that sale having been confirmed by the court, it is a judicial sale.
Whether made at public or private sale, it only becomes a sale at all, when confirmed by the court, that constitutes such sale a judicial sale. Hess v. Rader, 26 Gratt. 746.
For the distinction between a judicial and private sale, see Christian v. Cabell, 22 Gratt. 82; Ware v. Starkey, 80 Va. 191.
III.JURISDICTION OF COURT.
A. OF SUBJECT-MATTER. — A court, in a suit properly therein, may make a decree or order for the sale of property in any part of the state. Va. Code 1887, § 3397; W. Va. Code, ch. 132, § 1.
Jurisdiction of the person as well as of thesubject-matter are pre-requisites and must exist before the court can render a valid judgment or decree, and if either of these is wanting all judicial proceedings are void. The notice by publication against a nonresident defendant, prescribed by the statute, is in the nature of a substituted process and must be duly published before the court can acquire full jurisdiction to make any order or decree affecting a defendant or disposal of the attached property, and as to persons who cannot legally see or obey it, such publication is without any effect whatever. J udicial proceedings, during the late war, taken within the Union lines against defendants, who were absent in the Confederate lines and who did not appear to have any notice other than publication in the newspaper which they could not lawfully see, are absolutely void. Haymond v. Camden, 22 W. Va. 180.
If the court has jurisdiction of the parties and the subject-matter, its decree, though erroneous, is binding until reversed, even though it had no jurisdiction to entertain the.suit. Peirce v. Graham, 85 Va. 227, 7 S. E. Rep. 189.
It is well settled that the courts of this state are without jurisdiction to sell and convey land situated beyond the limits of the state. Gibson v. Burgess, 82 Va. 650; Poindexter v. Burwell, 82 Va. 507.
A judgment or decree of a court of another state has no effect to pass title to or affect land in this state, nor can a sale or conveyance under it by a trustee or commissioner appointedby it do so. Wilson v. Braden (W. Va.), 36 S. E. Rep. 367.
A trustee appointed or substituted by a court of another state has no power as such to convey land in this state. Wilson v. Braden (W. Va.), 36 S. E. Rep. 367.
When a conveyance of land made by a special commissioner under a sale under a decree of a court is offered in evidence to pass title, it must be accompanied by either the whole record of the cause, or enough to show that the parties holding title, affected by the de'ed, and also the land itself, were before the court, and that it was decreed to be sold, and was sold, and the sale confirmed by the court, and that authority was given by the decree to the commissioner to make the conveyance. The recital in the deed of these important facts is no evidence of them, against strangers to the deed, contesting its effect. Wilson v. Braden (W. Va.), 36 S. E. Rep. 367.
Where in a chancery suit land was sold, and the sale confirmed, and a rule issued against the purchaser to show cause why the land should not be resold, to which rule the purchaser answers, and the evidence to overrule and support his answer is all taken, and the plaintiff in the original cause then dies, and the court, the original cause not having been revived, enters a decree on the proceedings under the rule, it was held, that the court had jurisdiction to render such decree. Crislip v. Cain. 19 W. Va. 438.
Taxes Illegally Assessed — Sale,—Where the assessment of a tract of land for taxation is illegal, a sale *953 of such tract of land, made by the sheriff for nonpayment of the tax so assessed, is void. For there can be no valid sale made by a sheriff of a tract of land as delinquent for the non-payment of taxes where there has been no legal assessment of such taxes. Cunning-ham v. Brown, 39 W. Ya. 588, 20 S. E. Rep. 615.
B. OF THE PARTIES. — The court of equity may compel parties residing- within its jurisdiction to account for any lands in another state descended to them as heirs, as a trust subject for the payment of the debts of their ancestor. Dickinson v. Hoomes, 8 Gratt.' 353; Barger v. Buckland, 28 Gratt 850.
Where Owner Was Not Summoned — Decree of Sale Void. — if the court of equity make an order to sell real estate when it has no jurisdiction to make such order, the owner of such real estate not haying been summoned, the appellate court will reverse the decree in to to, as also the order confirming the sale made under such decree. Camden v. Raymond, 9 W. Va. 680.
IV. NECESSARY PARTIES TO SALE OF LANDS.
A. WHO ARE NECESSARY PARTIES.
1. Persons BenefigiaxiLY Interested. — All persons beneficially interested in the object of a suit for the sale of real estate under decree of court ought to be made parties, so that all questions arising may be fully and finally settled. Yost v. Porter, 80 Ya. 855.
When it is uncertain whether or not certain persons have an interest in land, it is error to decree the sale of such land without making such persons parties to the suit. Donahue v. Fackler, 21W. Va. 124.
Reversioners and Remaindermen. — Owners of vested estates' in reversion and remainder, whether by legal or equitable title, are indispensable parties to a chancery suit to sell the fee ; and the presence as parties of a tenant for life, or of the trustee holding for them, does not make them parties by representation, and a sale under the decree will not aifect or pass their right in the land. Williamson v. Jones, 43 W. Ya. 562, 27 S. E. Rep. 411.
Attachment — Trustees.—Where an attachment is sued out against a non-resident corporation, and such corporation has the equitable title, of the real estate attached in the cause, a personal decree may be rendered against such corporation,which appears in the cause ; but the property which is attached will not be sold in the absence of the trustees who held the legal title ; they must either be served with process, or, if non-residents, an order of publication must be issued against them and be duly published. Chapman v. Pittsburgh, etc., R. Co., 18 W. Va. 184.
Trustees — Nccessary Parties. — The legal title to the land levied on in this case being in the trustees it was error in the court below to decree the sale of the land to pay the debt before the trustees were made parties to the cause. Baker v. Oil Tract Co., 7 W. Va. 458.
Foreclosure -Devisees — Heirs.—In a suit in chancery, to foreclose a mortgage, against purchasers claiming under a devisee of the mortgagor, not only the persons from whom they immediately derive their title, but also the said devisee, or his heirs, and all other devisees of the equity of redemption, ought to be made parties ; notwithstanding such equity was devised to some of them upon conditions; for whether such conditions were complied with, cannot be legally investigated, until they are made parties. Mayo v. Tomkies, 6 Munf. 520.
Resale of Land. — The purchaser, at a judicial sale as well as his immediate and remote vendees, should be made defendant to the bill filed, to sell the land for the purchase price, and such land should be sold according to the equities between the said defendants. Glenn v. Blackford, 23 W. Va. 182; McClintic v. Wise, 25 Gratt. 448.
Absence of Necessary Parties — Effect on Purchaser. —There is no doubt that a purchaser could get no title and would not be protected by said section eight, if the owner of the property was not before the court. It is also clear, that the irarchaser would not be protected under said section if parties, who. the record of the suit shows, were necessary, being interested in such property by having liens thereon were not before the court. If the persons whom it was necessary to make formal defendants to the suit, were not parties either formally or informally, and were not before the court the purchaser would not be protected in his purchase under said section eight of chapter 132. Underwood v. Pack, 23 W. Va. 709.
Land of Foreign Corporation — Attachment—Effect on Domestic Company Not Party to Suit. — Where land upon which there is a railroad track, in the proceeding against aforeign corporation and with no charter privilege from this state, in which the road is situated, is attached at the suit of creditors, and it does not appear in the record, that any railroad chartered in this state has any interest therein, the court will regard the land attached as ordinary real estate ; but no decree with reference thereto or sale of the land thereunder can affect the rights of any railroad chartered in this state or any interest of such railroad in such land, of whatever character that interest maybe, such railroad company not being a party to the suit. Chapman v. Pittsburgh, etc., R. Co., 18 W. Va. 184.
In a suit by creditors for the sale of the land of their debtors, a decree is made with their consent for the sale, but the sale made is set aside, and the land rented out. After this, one of the debtors dies intestate, leaving heirs. Then another decree is made, reviving the suit against his administrator, and directing a scire facias against the heirs; and with the consent of the parties before the court, commissioners are directed to execute the previous decree of sale. They sell and the sale is confirmed, and the purchase money being paid a conveyance is ordered and made, and this is confirmed. These decrees and the sale having been made when the heirs were not before the court, the decrees are erroneous, and these and the sale must be set aside. Sexton v. Crockett, 23 Gratt. 857.
2. Absent Parties — Right to Object. — The court of appeals having reversed a decree of the court below for the sale of land and another confirming the sale and distributing the proceeds, in the absenee of the owners of one-half of the land, and having sent the case back, that they may be made parties and have an opportunity to defend their interests; though the decree is in other respects confirmed, these absent owners, when made parties have a right to except to the sale and its confirmation, and are not precluded by the affirmation of the decree in other respects than those on which it is reversed. Crockett v. Sexton, 29 Gratt. 46.
3. Waiver of Objection. — The appellate court will reverse any decree ordering the sale of land or the distribution of the proceeds of such sale where all the judgment creditors are not made parties to *954 the suit either formally or informally, which fact is disclosed by the record. But if all the judgment creditors are made parties to such a suit informally by having- been summoned by publication before a commissioner to present their judgments, the appellate court will not reverse the decree ordering the sale of lands of the debtor merely because the record disclosed that some of the judgment creditors had not been made formal defendants, who ought to have been so made, unless it appears that the objection was made to the rendering of such decree in this account in the court below, before such decree was entered. Neely v. Jones, 16 W. Va. 625.
B. WHO ARE NOT NECESSARY PARTIES.
1. Lessees. — When proceedings are had to sell the fee in land, it is generall3r not necessary to make the lessee of the land a party to the suit. Chapman v. Pittsburgh, etc., R. Co., 18 W. Va. 184.
2. Pendente Lite Purchaser —Pendente lite purchasers need not be made parties. Where judgments are docketed or deeds of trust recorded, or liens otherwise acquired, and a chancery suit to enforce same is pending, there need be no notice of the pendency of such chancery suit, under section 13, ch. 139, Code 1891, to bind purchasers purchasing after thé docketing of such judgment or recordation of such deeds of trust or lien. They are #<m-dente lite purchasers, under the common-law rule. Shumate v. Crockett, 43 W. Va. 491, 27 S. E. Rep. 240.
Whilst suit is pending the purchaser conveys the property in trust to secure a debt. The cestuis que trust are pendente lite purchasers, and are not necessary parties. Goddin v. Vaughn, 14 Gratt. 103.
V. ENQUIRY INTO RENTS AND PROFITS.
A. OLD RULE.
(a) Reasonable Time to Discharge Debt.
1. Owner Must Claim: Privilege or Renting.— To have real estate rented rather than sold under the law prior to the act of March 26,1882, was a privilege and not an absolute right accorded to the debtor; and, therefore, to entitle him to the benefit of this privilege he must exercise reasonable diligence in claiming it in the court below, and where he has not done so, and shows no sufficient reason why he has not done so, he cannot be permitted at the last moment to avail himself of such privilege and have the cause sent back to a commissioner or otherwise delayed. Arnold v. Casner, 22 W. Va. 458; Hill v. Morehead, 20 W. Va. 429; Rose v. Brown, 11 W. Va. 122.
The inferior court must be called on to say, whether in a reasonable time the rents and profits of the real estate will pay the liens charged upon it; and this discretion must first be exercised by the court below, before this court will review the decree of sale of said court; and upon such review this court will not reverse it, unless it appears that the. court erred in the exercise of that discretion. Hughes v. Hamilton, 19 W. Va. 396; Rose v. Brown, 11 W. Va. 122, 143.
An interlocutory decree directs a sale of lands to satisfy a debt, in a case where it might have been proper to decree satisfaction out of the rents and profits; but this was not a point controverted in the court below, or in any way brought to the notice of the court, and though the party had ample opportunity to apply to the court to alter the decree in that particular, he did not apply for such alteration, and upon appeal to this court, held, the decree shall not be reversed for such cause, but affirmed and the cause remanded with direction to alter the decree and direct satisfaction out of the.rents and profits, if such alteration be asked, and if the debt can be satisfied out of the rents and profits within a reasonable time. Manns v. Flinn, 10 Leigh 93; McClung v. Beirne, 10 Leigh 394.
•The lower court must be called upon to say, whether in a reasonable time the rents and profits of the real estate will pay the liens charged thereon; and this discretion must first be exercised by the court below, before the appellate court will review the decree of the lower court, and upon such review the appellate court will not reverse it, unless it appear that the court erred in the exercise of that discretion. The rental of the property must be asked by the debtor before the decree of sale is entered, .unless he shows to the court below good and sufficient reason, why he did not ask it, before the decree of sale was entered. Hill v. Morehead, 20 W. Va. 429; Rose v. Brown, 11 W. Va. 122.
Upon a bill by creditors of a decedent against his administrators and heirs, to marshal assets, the court may decree a sale of the lands descended to the heirs, but it is not bound and ought not to decree such sale, if the rents and profits of the lands will satisfy the debts within a reasonable time. Tennent v. Pattons, 6 Leigh 196.
If none of the parties ask an enquiry to ascertain whether the rents and profits will pay the debt in a reasonable time, there may be a decree for the sale of the property. McClung v. Beirne, 10 Leigh 394.
When, however, the cause is remanded, the appellate court may give the debtor, or other party interested, a right to apply to the court below, to have the enquiry made, whether the rents and profits will satisfy the liens on the real-estate in a reasonable time, and to have the judgment of such court thereon. Rose v. Brown, 11 W. Va. 122.
B. STATUTORY RULE.
(b) Five Years.
Must Appear to the Court Thatthe Rents Will Not Discharge the Debt. — Jurisdiction to enforce the lien of a judgment shall be in equity. If it appear to the court that the rents and profits of the real estate subject to the lien will not satisfy the judgment in five years, the court may decree the said estate, or any part thereof, to be sold, and the proceeds applied to the discharge of the judgment. Va. Code 1887, § 3571; W. Va. Code, ch. 139, § 7.
Before a sale of realty can be decreed to pay judgment liens, the court must, in some way, be convinced that the rents and profits will not in five years satisfy those liens. When the insufficiency is alleged and not denied, there need be no enquiry; but where not alleged, or if alleged, the allegation is denied, there must be an enquiry before a sale can be decreed. Muse v. Friedenwald, 77 Va. 57; Johnson v. Wagner, 76 Va. 587; Horton v. Bond, 28 Gratt. 815; Ewart v. Saunders, 25 Gratt. 203; Dillard v. Krise, 86 Va. 410, 10 S. E. Rep. 430 ; Etter v. Scott, 90 Va. 762, 19 S. E. Rep. 776 ; Conaway v. Odbert, 2 W. Va. 25; Newlon v. Wade, 43 W. Va. 283, 27 S. E. Rep. 244; Dunfee v. Childs, 45 W. Va. 155, 30 S. E. Rep. 103.
It is error to decree a sale of property to pay the judgment without any inquiry as to the rents and profits of real estate. As there is no averment in the bill or answer touching this question, no proof showing that the rents and profits would not be sufficient to pay the judgment in five years, it is clearly erroneous to proceed to sell the property, without first ascertaining whether the rents and *955 profits are sufficient to pay said judgment within tlie said time prescribed. Coal River, etc., Co. v. Webb, 8 W. Va. 488; Etter v. Scott, 90 Va. 762, 19 S. E. Rep. 776.
Tlie report shows on the testimony of several witnesses that the rents and profits will not pay the debts in five years, the annual rent being- $256 and the debt being $2,500, andthereport is confirmed and a sale of the land decreed. It was held that this was not error. Cooper v. Daugherty, 85 Va. 343, 7 S. E. Rep. 387.
It appearing that none of the decrees for renting the land had been executed, and that the real estate would not in five years rent for enough to discharge the liens, a decree annulling them and ordering the sale of so much of the property as may be necessary, is proper. Preston v. Aston, 85 Va. 104, 7 S. E. Rep. 344 ; Kennerly v. Swartz, 83 Va. 704, 3 S. E. Rep. 348.
Where, after renting of land had been decreed at a previous term it appeared that the rents would not. in five years, pay the liens, the decree was set aside and a sale decreed, an account of liens having first been taken. Kennerly v. Swartz, 83 Va. 704, 3 S. E. Rep. 348.
Where the Decree is Interlocutory — Appellate Court Will Amend. — There being no averment in the bill or admission or proof that the rents and profits of the land retained by the debtor will not pay the debt in five years, it was error to decree a sale of the land before having this enquiry made. But the decree appealed from being interlocutory, this court will amend the decree in this respect, and as amended affirm it, with costs to the appellee. Price v. Thrash, 30 Gratt. 515; Ewart v. Saunders, 25 Gratt. 203; Brenglev. Richardson, 78 Va. 406.
Where Papers Pail to Allege Sufficiency of Rents and Profits — Order of Reference. — The debts of both trust and judgment creditors ought to be ascertained, and the property sold, if the rents and profits will not satisfy the liens in five years, and a reference, if it does not appear in the papers, ought to be had to determine this latter question. Laidley v. Hinchman, 3 W. Va. 423.
Discretion of Commissioner — When Decree Is Silent. —Where a decree directs property to be sold or rented, without direction whether it shall be offered in -whole or in parcels, the commissioner must in the interest of the parties to the suit, in his discretion offer it for sale or rent in that manner, which will in his judgment bring the most money. Rose v. Brown, 17 W. Va. 649.
Sale or Renting Lands. — Jt is improper to decree renting and sale simultaneously, if the rents prove insufficient. The renting should be first decreed, and if report shows it to be insufficient, sale maybe decreed. Daingerfield v. Smith, 83 Va. 81, 1 S. E. Rep. 599.
Whether Rents Will Discharge — How Ascertained.— Upon a bill filed by a judgment creditor to subject the land of his debtor to satisfy his debt, the court in order to ascertain whether the rents of the land will pay the debt in five years, should generally direct the commissioner to offer it first for one year, and if that will not pay the debt, then for two, and so on, if necessary up to five years, closing the contract whenever the rents will pay the debt. The terms of payment of the rent to be fixed by the court, looking to the kind of property and the usage of the country. It it will not rent for enough in five years, the commissioner should report the fact to the court. Compton v. Tabor, 32 Gratt. 121.
Where a creditor’s bill alleges that the debtor’s land will not rent for enough to pay the liens in five years and the answer denies the allegation, the court must ascertain their annual value with reasonable certainty before decreeing their sale. Dillard v. Krise, 86 Va. 430, 10 S. E. Rep. 430 ; Newlon v. Wade, 43 W. Va. 283, 27 S. E. Rep. 244.
Renting — Circumstances Must Be Favorable. — In a suit to sell lands to pay debts, the commissioner reported that the rents and profits would pay the debt in five years. An ineffectual attempt was made to rent the land, but at a distance from the property and at a time of the year when it was very hard to rent land. Held, that it was error to decree a sale of the land under the circumstances. Mustain v. Fannill, 86 Va. 33. 9 S. E. Rep. 419.
No Enquiry Necessary When Notp Asked by Those Interested. — The exception that the commissioner ought to have ascertained the rents and profits should not have been sustained, because he reports, that no evidence was brought before him on the subject. If the debtor and his wife, who were more interested in that matter than anybody else, did not choose to present evidence of that fact, the commissioner could not be expected to hunt up evidence thereof. Duncan v. Custard, 24 W. Va. 739.
In a suit in equity to subject land to satisfy a judgment. the bill states the valuation of the land, and that the judgment could not be satisfied by the rents and profits in five years ; the answer says nothing on the subject and an enquiry is not asked for, but the court in its decree expressed the opinion that the rents and profits were not sufficient and ordered a sale. As the statute prescribes no particular mode by which it shall appear that the rents and profits will not satisfy the judgment in five years, if none of theparties ask for such enquiry, there may in a proper case, be a decree for the sale of the land without it. Ewart v. Saunders, 25 Gratt. 203.
The bill having charged that the rents and profits of the land would not pay the debt in five years, and the bill haying been taken for confessed, it was not error to decree a sale of land without directing an enquiry whether the rents and profits would pay the debt in five years. Barr v. White, 30 Gratt. 531, and note.
Under the law as it was in 1868 in West Virginia, it would seem that it was not necessary to allege that the rents and profits would satisfy the debt in five years. Blandly v. Sydenstricker, 4 W. Va. 605.
Enquiry Not Necessary in Suit to Enforce a Deed of Trust ora Vendor’s Lien. — In a suit to enforce a deed of trust or a vendor’s lien, it is not error to decree a sale of the land without enquiry into the rents and profits. And this is true even though the vendor has a judgment for the amount of his lien. Kyger v. Sipe, 89 Va. 507, 16 S. E. Rep. 627 ; Neff v. Wooding, 83 Va. 432, 2 S. E. Rep. 731; Kane v. Mann, 93 Va. 239, 24 S. E. Rep. 938 ; Coles v. Withers, 33 Gratt. 186 : Armen trout v. Gibbons, 30 Gratt. 632.
Nor in a suit by the state to set aside a fraudulent conveyance made by its judgment creditor, and to subject the land to the payment of such judgment, is it necessary to allege and show that the rents, issues and profits of the land will not pay the debt in five years. State v. Bowen, 38 W. Va. 91, 18 S. E. Rep. 375.
VI. TAKING ACCOUNT OF LIENS.
A. THE RULE. — It is error to decree a sale of land before taking an account of the liens thereon, and their respective priorities. Kendrick v. Whitney, 28 Gratt. 646; Schultz v. Hansbrough, 33 Gratt. 567, *956 and note ; Alexander v. Howe, 85 Va. 198, 7 S. E. Rep. 248; Daingerfield v. Smith, 83 Va. 81, 1 S. E. Rep. 599 ; Barton’s Ch. Pr. (2d Ed.) 189, 859, 1155, 1156; Marling v. Rohrecht, 13 W. Va. 462 ; Moran v. Brent, 25 Gratt. 104 ; Simmons v. Lyles, 27 Gratt. 922; Wiley v. Mahood, 10 W. Va. 206 ; Cralle v. Meem, 8 Gratt. 530; Buchanan v. Clark, 10 Gratt. 165; Liyesay v. Jarrett, 3 W. Va. 283; Murdock v. Welles, 9 W. Va. 552; Fidelity Loan Co. v. Dennis, 93 Va. 504, 25 S. E. Rep. 548; Hutton v. Lockridge, 22 W. Va. 160; Horton v. Bond, 28 Gratt. 815, and note; Effinger v. Kenney, 79 Va. 551; Adkins v. Edwards, 83 Va. 300, 2 S. E. Rep. 435 ; Anderson v. Nagle, 12 W. Va. 113 ; McClaskey v. O’Brien, 16 W. Va. 793 ; Scott v. Ludington, 14 W. Va. 387 ; Hill v. Morehead, 20 W. Va. 429 Trimhle v. Herold, 20 W. Va. 602 ; Rohrer v. Travers, 11 W. Va. 147 ; Cole v. McRae, 6 Rand. 644; Payne v. Wehh, 23 W. Va. 558 ; Hoge v. Junkin. 79 Va. 220 ; Iaege v. Bossieux, 15 Gratt. 84; Smith v. Flint, 6 Gratt. 40 ; Strayer v. Long, 83 Va. 715, 3 S. E. Rep. 372 ; Houck v. Dunham, 92 Va. 211, 23 S. E. Rep. 238 ; New v. Bass, 92 Va. 383, 23 S. E. Rep. 747 ; Laidley v. Hinchman, 3 W. Va. 423 ; Pecks v. Chambers, 8 W. Va. 210; Bristol Iron, etc., Co. v. Caldwell, 95 Va. 47, 27 S. E. Rep. 838, 3 Va. Law Reg. 460; Sims v. Tyrer, 96 Va. 14, 30 S. E. Rep. 443, 4 Va. Law Reg. 377 ; Beaty v. Veon, 18 W. Va. 291.
B. REASON FOR RULE. — Where there are various liens on lands oí a judgment debtor, it is error to decree a sale of his lands to satisfy the same without first ascertaining the amount of said liens and their priorities, for the reason that to decree such sale before ascertaining the amount of the several liens' and their respective priorities has a tendency to sacrifice the property, by discouraging the creditors from bidding as they probably would if their right to satisfaction of their debts, and the order in which they were to be paid out of the property, had been previously ascertained. Keck v. Allender, 37 W. Va. 201, 16 S. E. Rep. 520; Cole v. McRae, 6 Rand. 644; Kendrick v. Whitney, 28 Gratt. 646; Marling v. Robrecht, 13 W. Va. 440.
But an order of reference is not to be awarded to enable a plaintiff to make out his case. It should not be made for the purpose of furnishing evidence in support of the allegations of the bill, nor until he has the right to demand it. Millhiser v. McKinley, 98 Va. 207, 35 S. E. Rep. 446; Baltimore S. Packet Co. v. Williams & Co., 94 Va. 425, 26 S. E. Rep. 841; Lee County v. Fulkerson, 21 Gratt. 182 ; Sadler v. Whitehurst, 83 Va. 46, 1 S. E. Rep. 410 ; 2 Barton’s Ch. Pr. (2d Ed.) 680.
C. NOTICE. — The general rule is that the sale of real estate should not be decreed to be made until the lienholders have been convened as prescribed by section 7, ch. 139, of the Code, and the amounts and priorities of their liens ascertained. A departure from this rule can only be justified by some good reason, expressly given, or otherwise plainly appearing. Lough v. Michael, 37 W. Va. 679, 17 S. E. Rep. 181.
When notice of taking an account is ordered to be given by publication in a newspaper under sec. 3321, of Va. Code, there must be at least twenty-eight days between the first insertion and the day of taking the account. Dillard v. Krise, 86 Va. 410, 10 S. E. Rep. 430.
Three days’ notice of the taking of an account is not sufficient time, but a decree will not be reversed on that ground, where, the party is not injured thereby. Nor where a report is retained within 10 days before the commencementof the term at which it is acted on, unless it be shown to have been acted, on within that period. Moore v. Bruce, 85 Va. 139, 7 S. E. Rep. 195.
In suits affecting the interests of infant parties, it is not sufficient to notify them of taking account by publication. The notice must be given to their guardian ad litem. Strayer v. Long, 83 Va. 715, 3 S. E. Rep. 372.
D. WHO MAY NOT TAKE ACCOUNT OF LIENS. —A commissioner who is a creditor and a party to ■a suit to subject the debtor’s lands to pay his lien debts, is incompetent to take an account ordered therein. Dillard v. Krise, 86 Va. 410, 10 S. E. Rep. 430; Simmons v. Lyles, 27 Gratt. 928; Bowers v. Bowers, 29 Gratt. 697.
E. WHEN NOT NECESSARY. — It is not necessary to refer a cause, in which it appears that there are only two judgment liens, to a .commissioner to. ascertain the amount and priorities of the liens, when the pleadings in the case and the proofs show clearly what they are.
And where the lower court has failed upon such pleadings and proofs to ascertain the amounts and. priorities of the liens under such circumstances, while the appellate court will reverse the decree, it may enter such decree as the lower court ought to have entered. Anderson v. Nagle, 12 W. Va. 98; Weinberg v. Rempe, 15 W. Va. 858; Bock v. Bock, 24 W. Va. 590.
And where the debtor consented to the first sale before an account of his debts and their priorities had been taken and not having withdrawn that consent, and the account having been taken, though not confirmed, which showed that the proceeds of both sales was not sufficient to pay his debts, and he did not in his petition show errors in that report or that he had been injured by the sale of the last tract sold, the failure to have an account of his debts and their priorities before that sale was not good ground for setting it aside, as against the purchasers. Crawford v. Weller, 23 Gratt. 835, and note.
Deed of Trust — Mortgage.—Where there are conflicting claims to priority of payment out of the proceeds of the sale of real estate about to be sold to satisfy the liens thereon, the court should ascertain the priority of the liens, and determine the rights of creditors before decreeing a sale,' but this rule has no application to a decree for the sale of lands made under a deed of trust or mortgage where the parties have contracted for a sale without an account of liens, and no question of priority of liens is raised by answer, or otherwise. Heth v. City of Radford, 4 Va. Law Reg. 388; Artrip v. Rasnake, 96 Va. 277, 31 S. E. Rep. 4.
Suit by State. — Inasuitbythestate to subject lands to the payment of a debt, it is not necessary to ascertain the liens existing upon the land before making a distribution of the proceeds of a sale of land made therein, and the party filing the bill and setting aside the conveyance is entitled to be first satisfied out of such proceeds, unless there are prior liens. State v. Bowen, 38 W. Va. 91,18 S. E. Rep. 375.
Renting. — Before a decree is rendered for the rental of land to discharge a lien thereon, it is not necessary to have the amounts and priorities of all the liens thereon ascertained and fixed. Douglass v. McCoy, 24 W. Va. 722.
F. IN GENERAL. — Where the sale is a judicial sale it is erroneous and premature to decree a sale of the land before the priority of liens is ascertained .where it appears that such liens exist. Alexander v. *957 Howe, 85 Va. 198. 7 S. E. Rep. 218; Lipscombe v. Rogers, 20 Gratt. 658.
' Sale oí Heir’s Interest. — A decree to sell tlie share of an heir in his ancestor’s lands, to pay his debts. without first ascertaining- the amount of such share by an account taken of the ancestor’s debts and of the advancements to the several heirs is premature and erroneous. Howe v. Junkin, 79 Va. 220; Ryan v. McLeod, 32 Gratt. 367; Bowden v. Parrish, 86 Va. 67, 9 S. E. Rep. 616.
Land Chargeable. — It is error to decree the sale of land for the payment of a debt unless the creditor asking the sale, shall show that the land is leg-ally chargeable in equity, for such payment and even then, until the amount of the debt shall be ascertained. Smith v. Flint, 6 Gratt. 40.
And the judge may order an account in vacation, where he has before him the bill and exhibits which make a prima fade case. Acts 1884, p. 57. Moore v. Bruce, 85 Va. 139, 7 S. E. Rep. 195.
Where there are a number of judgment liens against the lands of the debtor, it would be error to decree that the land should be sold to pay the lien of the plaintiff only: the decree should provide for the payment of all of the liens audited against the land. Scott v. Ludington, 14 W. Va. 387; Laidley v. Hinchman, 3 W. Va. 423; Anderson v. Nagle, 12 W. Va. 98.
Estate of a Married Woman. — The court, having taken control of specific personal estate of the married woman for the purpose of subjecting it to the payment of the claims for that purpose, should, as the law then was, have ascertained and determined their respective priorities, and then applied the proceeds of sale had under the direction and control of the court to the satisfaction of these claims, in the order in which they have been ascertained to be entitled. Osborn v. Glasscock, 39 W. Va. 749, 20 S. E. Rep. 702.
Ascertainment of Personal Estate of Decedent.— it is error for the circuit court to decree a sale of the lands of the intestate for the payment of his debts until the administration accounts o f all his persona^ representatives have been settled, and the amount and priorities of all debts and liabilities against his estate has been ascertained and decreed for, and until it has been ascertained what amount, if any, of his personal estate remains in the hands of his personal representatives applicable to the payment of his debt. Hart v. Hart, 31 W. Va. 688, 8 S. E. Rep. 562; Kilbreth v. Roots. 33 W. Va. 600, 11 S. E. Rep. 21; Cralle v. Meem, 8 Gratt. 496.
Application for Further Relief. — As it is the duty of the court before it decrees a sale of lands to definitely fix the arnounts and priorities of the liens, it is error to provide that any of the parties may apply for further relief, if it should appear that a credit allowed to á? judgment was improper. Scott v. Ludington, 14 W. Va. 387; Beard v. Arbuckle, 19 W. Va. 135.
Cloud upon Title. — The general rule is that before a sale is decreed, any cloud on the title, or impediment to a fair sale, ought to be removed as far as practicable. Thomas v. Farmers’ Nat. Bank, 86 Va. 291, 9 S. E. Rep. 1122.
But in a suit to sell lands to pay liens, the answer is filed and treated as a petition, in which answer it "was averred that a portion of the land was in the possession of another : that unlawful detainer was pending against him to recover such portion, that the sale under such circumstances would be at a sacrifice, and that the debtor was in a position to effect a desirable private sale ; it was held that the unlawful detainer seeming to be a mere contrivance for delay, the court will not stay the sale. Brown v. Lawson, 86 Va. 284. 9 S. E. Rep. 1014.
Unascertained Lien — Consent of Creditor. — It is error to decree a sale of lands to discharge liens thereon before the amounts of the liens and their priorities have been ascertained and fixed, which error will not be cured by the consent in the decree of the creditor whose lien is unascertained, that the lands shall be sold before the amounts of such liens are ascertained. Beard v. Arbnckle, 19 W. Va. 135.
Failure to Ascertain Priorities. — A decree which simply confirms a commissioner’s report of debts, and directs a sale of land therefor in default of payment, though that report specifies the debts and priorities, is erroneous, because the decree does not itself adjudicate and declare what debts are to be paid, and fixed their order and priority as to the land to be sold therefor. Hull v. Hull, 35 W. Va. 155, 13 S. E. Rep. 49.
VIJ. REQUISITES OF DECREE (SEE ACCOUNT OP LIENS).
Failure to Fix Priorities. — If before the confirmation of a sale the report of the commissioner be excepted to on the grounds that the decree ordering the sale, failed to fix the amounts and priorities of the liens charged thereon, and it clearly appears to the court, that the debtor was materially injured in the .sale of the land thereby, the land on that account being sold for a price materially less than it otherwise would have sold for, the court in the exercise of a sound discretion may for such reason refuse to confirm such sale, and set it aside. Trimble v. Herold, 20 W. Va. 602 ; Hill v. Morehead, 20 W. Va. 429 ; Hart v. Hart, 31 W. Va. 688, 8 S. E. Rep. 562 ; McClaskey v. O’Brien, 16 W. Va. 791.
Order of Publication. — Where the decree does not state that the order of publication as to the absent defendants was duly executed, or what is tantamount thereto ; and the record does not disclose the fact, that as to such absent defendants the order of publication was executed, and such absent defendants are material parties to the bill and have not appeared in the cause, the decree will be reversed for that reason. Scott v. Ludington, 14 W. Va. 387.
Bond of Commissioners. — The decree should provide for the execution of a bond by the special commissioner before he shall receive any money. Sec. 3398, Va. Code and Code of W. Va., ch. 132.
Certainty of Decree —Where the bill and proceedings specify the land, a decree for the sale of the land in the bill and proceedings mentioned, or so much as may satisfy the purposes of the decree, is sufficiently certain. That is certain which may be made certain, applied to this case. Barger v. Buckland, 28 Gratt. 850.
Property of Greater Value Than $500--Advertise-ment. — See sec. la. 1 Code of W. Va. ch. 132 providing that if it shall appear to the court that the land is of a greater value than $500 the decree shall prescribe that the sale shall be advertised in a newspaper, published in the county in which the land is situated, stating the time, terms and place of sale together with a description of the property to be sold.
Void — Rights of Owner. — Where money from the sale of property has, by order of the court, been paid, and the decree ordering its payment was void, the party whose property was sold to raise the *958 ■money may recover the same from the party to whom it was illegally paid. Sturm v. Fleming, 31 W. Va. 701, 8 S. E. Rep. 263.
Rental of Land. — When a hill is filed to subject the land of a judgment debtor to the payment of his debts, the decree must show that he asked a rental of the land, and it was refused, before the decree for that reason will be reviewed by the appellate court. Hill v. Morehead, 20 W. Va. 429.
Bond of Plaintiff — It is error to decree sale of lands, without requiring bond with surety from plaintiff, in double the reported value of the lands, with condition for performing future,,orders or decrees. Brien v. Pittman, 12 Leigh 389.
But it is not error in an interlocutory decree for the sale of land, to fail to require bond and security from the plaintiff, as prescribed by law, to perform the future orders of the court; it will be a sufficient compliance with the law, if this is done in the final decree. Brockenbrough v. James River, etc., Co., 1 P. & H. 94; Kelly v. Linkenhoger, 8 Gratt. 104.
Coliusion — Fraud—Effect.—Where a suit was prosecuted, and the decree obtained under circumstances of suggestion of falsehood and suppression of truth, of imposition practised on the court in which it was rendered, and of confederacy and collusion of those interested, the decree may, and must, if necessary for their protection be held to be wholly inoperative as to them. Young v. McClung, 9 Gratt. 336.
Reversal. — The court will not reverse a decree upon the application of the appellee for an irregularity, which is not to his prejudice. Beard v. Arbuckle, 19 W. Va. 135; Long v. Perine, 44 W. Va. 243, 28 S. E. Rep. 701.
VIII.SALE MUST FOLLOW THE DECREE.
Decree for sale of lands, against adult and infant defendants; the plaintiffs and adult defendants instruct the marshal to make sale in a manner different from that directed by the decree; and the marshal conforms with the instruction, not with the decree; the saléis irregular. Tennent v. Pattons, 6 Leigh 196; Robertson v. Smith. 94 Va. 250, 26 S. E. Rep. 579; Hudgins v. Lanier, 23 Gratt. 494.
The decree directing the sale to be made upon the premises, the commissioner acts irregularly in making it at a different place; especially after advertising that it would be made on the premises. He should report to the court that it could not be made for want of bidders, and obtain instructions for his future action. Talley v. Starke, 6 Gratt. 340.
Where a decree requires land to be sold at a public sale, the commissioner has no authority to sell the land at a private sale, and such a sale will not be confirmed by the court. Hutson v. Sadler, 31 W. Va. 358, 6 S. E. Rep. 920.
IX.COLLATERAL ATTACK OF THE DECREE OF SALE.
A. WHERE COURT HAS JURISDICTION. — The court having had jurisdiction of the case under the statute, the validity and propriety of the decree for the sale of the land cannot be questioned in a collateral proceeding. Quesenberry v. Barbour, 31 Gratt. 491.
Sale Confirmed — Impeachment.—A-sale made pending the suit by agreement of the parties, in person or by counsel, which sale is afterwards approved and confirmed by the court, is as valid as if made under a previous decree of the court in the suit, and can no more be impeached collaterally than if so made. Wilson v. Smith, 22 Gratt. 493.
Decree — Exception.—A decree in a cause for the sale of land, where there is no error apparent on its face and no exception taken to it, cannot be attacked collaterally. Myers v. Nelson, 26 Gratt. 729.
Reservations in Decree. — in a suit to sell land for the purchase money, on which there is a sawmill that is part of the freehold, and the decree to sell provides that the sale shall not include the mill, a sale of the land does not pass the mill to the purchaser.
A court, having jurisdiction to sell land, reserves from sale a sawmill thereon. Though there is nothing in the record to warrant the reservation, it is not void, but voidable only by appeal, and cannot be collaterally assailed. First Nat. Bank v. Hyer, 46 W. Va. 13, 32 S. E. Rep. 1000.
A decree of a court of competent jurisdiction, in a suit between proper parties, is valid and conclusive until reversed on some proper proceeding in the same suit and the same court, or on appeal to an appellate court, unless there be some sufficient ground of fraud or surprise to entitle the injured party to relief in some other suit. Wilson v. Smith, 22 Gratt. 493.
Purchase by Committee of Idiots* Lands — Decree Valid Until Reversed. — A bill is filed by a committee of two idiots, for the sale of the land, and there is a decree for the sale, and a sale; and the report of the marshal of the court shows that the land was purchased by the committee. This report is confirmed, and the marshal is directed to convey the land to such committee: which is done. The committee afterwards sells and conveys this land to a third person, who sues to recover the land. Though the decree confirming the sale to the committee was erroneous, and such committee is forbid by the statute to purchase or own the land during the incompetency of the idiots, yet the decree is not void but voidable, and cannot be impeached collaterally, and until it is reversed, must be held to be valid, and as passing a good title to the committee-Cline v. Catron, 22 Gratt. 379.
A decree entered where the court has no jurisdiction, because the party was not before the court, is a nullity and may be attacked even in a collateral controversy. Camden v. Haymond, 9 W. Va. 680.
X.NOTICE OF SALE.
Sec. 1 of ch. 151 of the Acts of 1872-3 requires, “that whenever a court shall hereafter decree the sale of real estate, if it appear to the court, that such real estate is of the value of five hundred dollars or more, it shall prescribe in the decree, that such sale shall be advertised in a newspaper by the commissioner or person appointed to make the sale-It shall always be advertised in a newspaper published in the county, if one be'published therein, where the real estate to be sold is situated.” This statute is mandatory; and it was error not to require the land to be so advertised, if it appeared to the court that its value was over five hundred dollars. Duncan v. Custard, 24 W. Va. 740.
A mere clerical error, self-corrective, in a notice of a judicial sale, will not affect it. Long v. Perine, 44 W. Va. 243, 28 S. E. Rep. 701.
XI.DISCRETION OF COURT IN DECREEING SALE.
Appellate Practice. — The court below has discretion whether to decree sale of all or part of the land. The appellate court will not reverse a decree in this respect unless plainly erroneous. Johnson v. Waner, 76 Va. 587.
*959 Partition. — In a suit for partition of land "by joint-tenants in common or parceners, whether partition can be conveniently made in kind or not, and whether the interests of those who are entitled to the subject or its proceeds will be promoted by a sale of the entire subject or not, are questions for the court in which the suit is pending: to decide, and its decision cannot be questioned in any collateral suit, except on the ground of fraud or surprise. Wilson v. Smith, 22 Gratt. 493.
Sale of a Remainder. — In a suit to sell the remainder oí real estate for the payment of debts against it, in which the owner of a life-estate consents that the whole property may be sold together and a gross sum paid to him in lieu of his life-estate from the proceeds of such sale, the court, if it is satisfied the remainder will bring the better price by selling the whole property together, may order the sale to be made without the consent of the owner of the remainder. Cranner v. McSwords, 26 W. Va. 412.
Private Bids. — Under a decree for the sale of real estate, it is within the discretion of the trial court to authorize its commissioner to receive private bids and report them to the court to be acted upon in vacation, in order to obtain the best price for the land. Conrad v. Fuller, 98 Va. 16, 34 S. E. Rep. 893.
The court has the power to order a commissioner to sell laud either at a private or public sale. Cox v. Price (Va.), 22 S. E. Rep. 512.
Sale of Decedent’s Lands — Incumbrances.—A court of equity has the authority to sell the incumbered real estate of a decedent, upon a bill filed by the administrator for the purpose of paying decedent’s debts, free from the incumbrances, and satisfy such incumbrances out of the proceeds of sale. Shahan v. Shahan (W. Va.), 37 S. E. Rep. 552.
Trustees — Sale of Land by Court. — The court, having possession of this case, ought, instead of dissolving the injunction, to have retained the case, and directed the execution of the trust. Jt had authority to appoint commissioners to view the land and take testimony, and to report whether it was susceptible of division into different tracts, and in what waj, with power to employ a surveyor to lay it off into as many different tracts as would promote an advantageous sale. And if, upon the coming in of the report, the court is satisfied from it and the testimony that it would conduce to an advantageous sale to have it so divided and sold in separate parcels, it would have authority to decree a sale in that way, and the order in which the tracts should be sold, until enough was sold to pay the debt, interest and expenses. Terry v. Fitzgerald, 32 Gratt. 843.
Sale of Consolidated Railroad. — The roads in the hands of the court is the property of a company, constituted by the consolidation of three railroad companies, all of which had before the consolidation issued their bonds and executed mortgages on their property to secure them. The court may direct the property of the consolidated company to be sold as a whole; and afterwards fix the amount to be paid to the several holders of the bonds and mortgages on the respective roads. Gibert v. Washington City, etc., R. Co.. 33 Gratt. 586.
XII. TERMS OF SALE.
Discretion of the Court. — A court, in a suit properly therein may make a decree or order for a sale of property in any part of the state, and may direct the sale to be for cash, or on such credit and terms as it may deem best, and it may appoint a special commissioner to make such sale. Code of Va. 1887, sec. 3397; Code of W. Va., ch. 132. sec. 1.
The sale of real estate for the purchase money will not be decreed where the property remains encumbered for purchase money due the plaintiff, without providing for a discharge of such encumbrance. The terms of the sale are within the discretion of the court and no complaint against them will be heard without evidence that the price would have been better had the terms been more liberal. Yost v. Porter, 80 Va. 855.
Though the court decreed an account involving a few items to a small amount, it was not error to direct the payment of so much of the debt secured by the deed as might be safely paid, leaving enough to meet any possible amount which could be reported as due on that account to the debtor. Hogan v. Duke, 20 Gratt. 244.
Examination by Appellate Court. — The discretion given to courts of chancery, by the statute 1 Rev. Code, ch. 66, sec. 41, in decreeing sales of real estate, to direct the sales to be made on credit, should be exercised where the circumstances show that it ought to be: and the failure to exercise it. is a subject for examination in the appellate court. Tennent v. Pattons. 6 heigh 196.
Power of Court to Change. — Until the sale is confirmed, and the property and the sale remain under the power of the court, it has the power to change the terms of the sale. Tebbs v. Lee, 76 Va. 744.
Trust Deed — Sale under Order of Court — Equity.— Where a deed of trust is executed, and there are a number of prior judgment liens on the land, and it is necessary to resort to a court of equity for the enforcement of the liens, the court will fix the.terms of sale according to the rules of equity, without regard to the terms of the sale fixed in the trust deed. Barbour v. Tompkins, 31 W. Va. 410, 7 S. 13. Rep. 1.
When Discretionary — Mortgages — Trust Deeds.— Under the Code of 1873, ch. 174, sec. 1, a court may direct the sale of property tobe for cash, or on such credit and terms as it may deem best, but this rule does not apply to mortgages, deeds of trust, and other instruments, in which the terms of sale are agreed upon. In such cases the contract of parties governs. Pairo v. Bethell, 75 Va. 825 ; Stimpson v. Bishop, 82 Va. 190 ; Hogan v. Duke, 20 Gratt. 244 ; Fultz v. Davis, 26 Gratt. 903. See Code of 1887, sec. 3397 ; Crenshaw v. Seigfried, 24 Gratt. 272 ; Orr v. Chandler, 86 Va. 938, 11 S. E. Rep. 978 ; Walker v. Boggess, 41 W. Va. 588, 23 S. E. Rep. 550.
Sale by Court under Trust Deed. — The deed of trust provides for a sale for cash ; but the court as supposed by consent, makes a decree for a sale on credit. The vendor of the purchaser in possession, objects to the decree on a credit, and asks that the land shall be sold for cash. Held, the court should correct the decree and direct a sale for cash. Wood v. Krebbs, 33 Gratt. 685.
Bond of Commissioners — Cash.—it is error to decree the sale of the land for cash, and not to require the special commissioner to give bond with security, conditioned according to law, before making the sale. Baker v. Oil Tract Co., 7 W. Va. 462.
Foreign Attachment — Bond of Plaintiff- -Cash. — in proceeding by foreign attachment in chancery* held, error to decree for plaintiff without affidavit of defendant’s non-residence ; error, to decree sale of lands, without requiring bond with surety from plaintiff, in double the reported value of the lands, with condition for performing future orders or de *960 crees; error, to decree a sale of lands for cash; error, to direct payment of money to creditor and conveyance of land to the purchaser, before the sale is reported and confirmed. Brien v. Pittman, 12 Leigh 379.
A decree requiring’ lands descended to heirs to be sold for cash, to satisfy a debt due from ancestor, was reversed, and sale directed to be made upon a credit of six, twelve, and eighteen months. Haffey v. Birchetts, 11 Leigh 83; Brien v. Pittman, 12 Leigh 380.
Reasonable Credit. — As a general rule the decree, to enforce the lien of the vendor for unpaid purchase money, should be upon a reasonable-credit. Kyles v. Tait, 6 Gratt. 44.
Delinquent Lands — Purchased from the Commonwealth — Cash Sale. — Acts 1895-96, p. 219, ch. 179, amending Code, sec. 666, as amended by Acts 1893-94, p. 737, ch. 635, providing for the sale of real estate purchased by the commonwealth at delinquent tax sales, not stipulating any time at which said land shall be paid for, it will be presumed that cash sales are contemplated, and the cash must accompany the application of purchase, such being the settled policy of the state. Brooke v. Turner, 95 Va. 696, 30 S. E. Rep. 55.
Installments of Debt. — It is error to decree the sale of land on terms, which makes the payments fall due more rapidly than their installments of the debt, for which it is sold, become payable. Gates v. Cragg, 11 W. Va. 300.
Confederate Money — Standard of Value. — In 1863 a decree was made appointing commissioners to sell lands on the terms of cash for cost' pf suit and expenses of sale, and a balance of the credit of six, twelve, and eighteen months. On the day of sale, it is proposed to the commissioners to sell for Confederate money; but they decline to do it, and say they will sell according to the decree. Four of the heirs, representing six shares out of twelve entered into a written declaration that they will take Confederate money for their shares, and this is read to the assembly by the crier, who at the same time expresses the opinion that all the heirs will take the money. The cash is paid in Confederate money, the bonds given and the sale is reported to the-court and confirmed ; and the receiver of the court is directed towithdrawthe bonds, and collect themoney a’s it falls due. He receives Confederate money in payment of the first bond, upon the purchaser undertaking to take it back if the persons entitled will not receive it. Held, -the sale was a sale with reference to Confederate notes as a standard of value. Poague v. Greenlee, 22 Gratt. 724.
XII. REDEMPTION.
Day to Redeem. — It is error to decree the sale of land to enforce a lien retained for the payment of the purchase money without giving a day to the purchaser to redeem the land by paying what is due. Gross v. Pearcy, 2 Pat. & Heath 483 ; Kyles v Tait, 6 Gratt. 44 ; Pecks v. Chambers, S W. Va. 210 ; Wiley v. Mahood, 10 W. Va. 206 ; Rohrer v. Travers, 11 W. Va. 146.
Trust Deeds. — It is error to decree the sale of land under a trust deed without giving the debtor a day to redeem. Rohrer v. Travers, 11 W. Va. 146.
Immediate Sale — Error.—The court erred in decreeing immediate sale of defendant’s property. It should, as has been directed by the frequent ruling of this court, have decreed a-time, within which the ■defendant should pay the judgment, and upon his failure so to do, then sale to be made. For that error the decree must be reversed. Speidel v. Schlosser, 13 W. Va. 702.
Reasonable Time — Discretion of Court. — it is error to decree a sale of land for debt without giving a reasonable time for payment before sale. The length of time is within the sound discretion of the court. King v. Burdett, 44 W. Va. 561, 29 S. E. Rep. 1010.
Mortgages — Discretion of Court. — When a foreclosure is decreed, the court is to exercise a sound discretion in relation to the period of redemption, and fix it according to the circumstances of the case. The usual time is six months; but less may be allowed.
Though the time allowed for redemption be only thirty days, an appellate court will nevertheless presume that the discretion of the court below has been properly exercised, if no application appears to have been made to that court for an extension of time. Harkins v. Forsyth, 11 Leigh 294.
Failure to Allow Time — Postponement.—it is error to decree a sale of real estate without giving the defendant a day to redeem the property by paying the amount charged therein; and it is not giving a day to redeem to postpone the time in the decree for the property to be advertised and sold. Rose v. Brown, 11 W. Va. 122.
Decree — Failure to Allow Time to Redeem — When Not Material. — it is not per se error to decree a sale of land to enforce judgment liens without giving the debtor time to redeem, as in the foreclosure of mortgages, though such a practice ought in general to be pursued, but if the debtor does not show he has sustained any damage by the failure to do it, it is not ground for setting aside the sale. Crawford v. Weller, 23 Gratt. 836.
Heirs and Devisees — Lien Debts — Fiduciary Debts.— The cases in which the heirs and devisees should have a day to pay the amount decreed against the testator’s estate before a decree of sale is made of the real estate, are cases where the property is covered by a lien, such as a mortgage or a deed of trust, or other security for a debt. McDearman v. Robertson, Va. Law J. 1879, p. 175; Long v. Weller, 29 Gratt. 347; Hart v. Hart, 31 W. Va. 688, 8 S. E. Rep. 562. But where there is no lien of any kind but the suit of the decedent to the payment of a fiduciary debt, the personal estate being exhausted, it was not necessary to give the heirs and devisees a day to pay in the decree. McDearman v. Robertson, Va. Law J. 1879, p. 175.
Redemption — Waiver.—While it is the general rule, that when the court directs the sale of land, it shall first ascertain the amounts of the lien debts, and their respective priorities and give a day for payment in the decree, still this rule is not so fundamental in its requirements as to prevent the parties to the suit who are interested in its enforcement from dispensing therewith by consent. Parsons v. Thornburg, 17 W. Va. 356.
Failure to Pay Purchase Money — Where land is resold for the failure of the purchaser to pay the purchase money, it is error to decree such resale without giving the purchaser a day to redeem. Long v. Weller, 29 Gratt. 347, and note; Whitehead v. Bradley, 87 Va. 676, 13 S. E. Rep. 195.
XIV. WHO MAY SELL.
The Virginia statute regulating sales of real estate for the payment of debts provides,, in general, that the court making the decree for such sale may *961 appoint a special commissioner to make suck sale, and where no special commissioner is appointed for the purpose a decree or order of any court for the sale of property shall he executed hy the sheriff or serg-eant who attends such, unless the place of sale he out of his county or corporation, in which case the sale shall be hy the sheriff of the county wherein the place of sale is, or, if the place he in a corporation, hy the serg-eant thereof, or the sheriff of the county, including such corporation as the court may direct. Code of Va. §§ 3397, 3403; Code of W. Va. ch. IBS, §§1,2.
Where a decree for specific execution of a contract against a purchaser provides that if the purchase money, or a part of it, is not paid hy a day certain, the property shall he sold, it is not error to appoint the counsel of the plaintiffs, there being no objection to the person, the commissioner to make the sale; nor is it error to refuse to associate with him, one of the counsel of the purchaser. Goddin v. Vaughn, 14 Gratt 103.
But the owner of half of the judgment, to satisfy which the suit is brought to sell the land is incompetent to act as commissioner to sell the land. Etter v. Scott, 90 Va. 762, 19 S. E. Rep. 776.
XV. BOND OF COMMISSIONER.
A. NECESSITY FOR.
Bond of Commissioner-Necessity for. — No special commissioner appointed hy a decree or order of court, or of a judge in vacation to sell or rent any property, shall advertise property for sale or renting, or sell or rent the same until he shall have given hond before the court or judge, or the clerk of the court in his office, in a penalty, to he prescribed hy the court or judge, sufficient to cover at least the probable amount of the purchase money or rent, and shall have obtained from the said clerk a certificate that the bond required hy law or hy the decree or order has been given, which certificate or a copy thereof shall he appended to the advertisement. Va. Code, sec. 3398.
Commissioner — Bond Necessary. — The statute requires a bond of the commissioner to make the sale, and it must he given before he receives any money under the decree, whether it he therein directed or not. McAllister v. Bodkin, 76 Va. 809; Donahue v. Fackler, 21 W. Va. 124; Flesher v. Hassler, 29 W. Va. 404, 1 S. E. Rep. 581; Cooper v. Daugherty, 85 Va. 343, 7 S. E. Rep. 387; Hess v. Rader, 26 Gratt. 747: Blair v. Core, 20 W. Va. 265; Lloyd v. Erwin, 29 Gratt. 598; Davis v. Snead, 33 Gratt. 705; Tyler v. Toms, 75 Va. 116; Clarke v. Shanklin, 24 W. Va. 30. But see Dixon v. McCue, 21 Gratt. 377.
Where three commissioners were decreed to sell the debtor's real estate and the decree provided that those giving hond might sell alone, the sale hy two commissioners, one of whom had given bond, was held to be valid, it appearing that the third had died before the sale was advertised. Strayer v. Long, 89 Va. 471, 16 S. E. Rep. 357.
Commissioner — Failure to Give Bond — Effect.—The commissioner who upon the sale of land received purchase money without having given the proper hond required of a commissioner, is liable to the purchaser for the amount so received; and he may be proceeded against hy rule to show cause why a decree should not he rendered against him for the amount aforesaid. Tyler v. Toms, 75 Va. 116.
The Code, § 1, ch. 132, provides: “A court in a suit properly therein may make a decree or order for the sale of property in any part of the state, and may direct the sale to he for cash, or on such credit and terms as it may deem best; and it may appoint a special commissioner to make such sale. No special commissioner appointed hy a court shall receive money under a decree or order, until he give hond before the said court or its clerk.” Chapter 142, § 1, Acts of 1882, amending this section, provides among other things, that “No sale shall be made hy such commissioner until such hond and security has been given and approved hy the clerk; and every notice of such sale shall have appended to it the certificate of such clerk, that the bond and security have been given by the commissioner as required hy law.” The law, it will be seen, is much more stringent now than under the Code. The sale in this case was made under the provision of the Code. We cannot say that the failure to give hond in this case before the sale vitiate^ it. The provision of the Code does not authorize us to say the sale for this reason was void. Sommerville v. Sommerville, 26 W. Va. 483.
Failure to Give Bond — Effect.—where purchaser, at sale made under decree of court, pays the purchase money to sale commissioner who has not given the hond required bylaw, such payment is invalid, unless certificate of clerk that such hond has been given was published with advertisement of sale. Code 1887, §§ 3397, 3398; Lloyd v. Erwin, 29 Gratt. 598. See, for very similar cases, Woods v. Ellis, 85 Va. 471, 7 S. E. Rep. 852; Lee v. Swepson, 76 Va. 173; Tyler v. Toms, 75 Va. 125. See also, Brown v. Taylor, 32 Gratt 135.
Bond of Commissioner — Failure to Give — Effect.— Where commissioners, who are also counsel in the cause, are appointed to make sale of land under a decree of court, requiring them to give hond before proceeding to act, make the sale and before such sale is confirmed, collect the purchase money, and fail to pay it over to the distributees, it was held that the said persons appointed commissioners had no authority to receive said purchase money either as commissioners or as counsel for the parties, such commissioners not having given hond, and the purchaser is hound to pay it again. And such commissioners are liable to the purchasers for the amount received hy them. Donahue v. Fackler, 21 W. Va. 124.
Failure to Give Bond — Waiver.—The hond with the security required of the .commissioner is for the benefit of those entitled to the proceeds. If he collects without .giving hond, and they ratify his act and look to him for payment, no one else can complain or claim that any equity is raised in their favor. Lee v. Swepson, 76 Va. 173.
Failure to Require Bond — It is error to decree the sale of the land for cash, and not to require the special commissioner to give hond with security, conditioned according to law, before making the sale. Baker v. Oil Tract Co., 7 W. Va. 462: Donahue v. Fackler, 21 W. Va. 124; McClaskey v. O’Brien, 16 W. Va. 791.
Sale of Land — Failure to Require Bond in the Decree.— The statute. Acts 1883-4, p. 213, says: “The commissioner shall give bond and personal security, to he approved by the clerk of the court.” Held, a failure to provide that the commissioner of sale shall give hond and security is not error for which the decree should he reversed. Cooper v. Daugherty, 85 Va. 343, 7 S. E. Rep. 387; McAllister v. Bodkin, 76 Va. 809.
Commissioner — Sale of Land — Bond— Waiver. — A plaintiff in a suit to enforce the vendor’s lien cannot waive the bond required hy the statute of the oom- *962 missioner appointed to make the sale. ’ The decree should require the hond should be given. The statute is mandatory and no waiver is contemplated by it. Neeley v. Suleys, 26 W. Va. 686.
B. VALIDITY.
Bond of Commissioner — Validity—Approval by the Clerk. — A bond of a special commissioner to make a sale in a chancery cause is delivered by the commissioner to the clerk of the court, which on its face is complete and perfect. The bond was executed by the sureties upon the condition that it would not be delivered to the clerk until it was also executed by another person as surety, and when the clerk received the bond he was not informed of such condition. Held, this was a valid bond; and the sureties cannot set up as a defense this condition when the bond is sued upon. It is not necessary to the validity of such a bond, that it should be either acknowledged or proven before the court. Such a bond, however, must, as to the sufficiency of the sureties, be approved by the clerk, but in order to make the bond valid, he need not endorse his approval upon it. Lyttle v. Cozad, 21 W. Va. 184.
Sufficiency of Security. — Where two commissioners are appointed to sell land and they are required before proceeding to act to execute a bond with security conditioned according to law, and each executes a separate bond with the other as his surety, it was held that this was not a compliance with the decree, and .that, though the bonds were given in court. Tyler v. Toms, 75 Va. 116.
Before Whom Given. — It is plain from the provision of § 3898 of the Va. Code that a decree which directed such commissioner to give bond before any other person or tribunal than those named in the said statute, would be erroneous. By the terms of that section, the bond is required to be given before the court or before the judge of the court, or before the clerk of the court in his office and the clerk of that court is required to certify that this has been done. It is also error to direct the clerk of any other court to take the bond, but if the decree directing the bond to be taken by some other court is appealed from, this court will correct the error, if the decree is simply interlocutory. South West, etc., Co. v. Chase, 95 Va. 50, 27 S. E. Rep. 826.
O. LIABILITY.
Sale by Sheriff or Sergeant — Bond—Liability of Surety on Official Bond. — Where the sheriff or sergeant makes a sale under a decree of a court of equity, the sureties on his bond are responsible for the due administration of the money. Code of Va. 13403; Code of W. Va. ch. 132, § 2.
XVI. DEED OF COMMISSIONER.
Deed — Void Ab Initio. — Where a special commissioner sold lands on terms other than those prescribed in the decree of sale, and without reporting his proceedings and obtaining confirmation, conveyed the land to a purchaser, though six months later the court did confirm the sale and deed, it was held that a bill would lie to cancel the deed as void ab initio. Miller v. Smoot, 86 Va. 1050, 11 S. E. Rep. 983.
Confirmation of Deed. — Although a deed made by commissioners of a court is not in exact accordance with the directions of the court, yet it is immaterial where it- appears that they reported their action and it confirmed the deed. Harman v. Stearnes, 3 Va. Law Reg. 454.
Correction of Deed by Commissioner, — Where a party is appointed a special commissioner in a chancery cause, and empowered and directed to execute and deliver a deed to a party to a suit, for a tract of land therein designated, and such special commissioner, in endeavoring to obey the directions of said decree, conveys the property by a misdescription, such commissioner, when the mistake is discerned, may correct the same by a subsequent deed. Guinn v. Bowers, 44 W. Va. 507, 29 S. E. Rep. 1027.
Title That Passes by Deed. — The prayer of the bill being for a sale of the land, and the decree and sale being of the land, and the deed conveying it, the title of all the parties to the suit passed by the deed. Zollman v. Moore, 21 Gratt. 313.
XVII. OBJECTIONS WAIVED UNLESS TAKEN IN LOWER COURT.
A. IN GENERAL — SALE BEFORE PARTITION. —Land sold before partition was held not to be erroneous, where no objection was offered when the decree was entered, or sale made, and nothing appears to indicate that the defendant was injured by it. Thomas v. Nat. Bank, 86 Va. 291, 9 S. E. Rep. 1122.
Partition. — In a suit for partition, the court has no authority to order a sale of the land, unless it is made to appear by an inquiry before a commissioner, or otherwise, that partition cannot be made in some of the modes provided by the second and third sections of ch. 128, of the Code. But when it did not so appear, and no such inquiry was asked in the court below, a party who promoted the suit and at whose instance the decree was made, will not be allowed to raise the objection for the first time in the appellate court. Howery v. Helms, 20 Gratt. 1.
Order of Publication. — if there is no objection made in the court below as to the manner in which the the order of publication was issued, or executed, so as to bring the matter before the lower court and have the sufficiency of the order of publication passed upon by that court, and the decree recites that the order of publication was “duly executed,” the obj ection that it was not so executed cannot first be raised in the appellate court. Scott v. Ludington, 14 W. Va. 387.
Mistake as to Name of Purchaser. — If by mistake the name of the purchaser is not mentioned in a decree confirming a judicial sale, but by mistake the name of some other person is mentioned as the purchaser, such mistake is not ground for reversing the decree in the appellate court, if no motion to correct the same has been made in the lower court. McMullen v. Eagan, 21 W. Va. 233.
Judgment Creditors Not Parties to Suit. — The appellate court will not reverse a decree ordering the sale of lands of the debtor merely because the record disclosed that some of the judgment creditors had not been made formal defendants, who ought to have been made so, unless it appears that the objection was made to the rendering of such decree in this' account in the court below, before such decree was entered. Neely v. Jones, 16 W. Va. 625; Jackson v. Hull, 21 W. Va. 601; Norris v. Bean, 17 W. Va. 655 ; Grove v. Judy, 24 W. Va. 294.
B. COMMISSIONER’S REPORT (See Commissioners in Chancery). — Where an exception is not taken to a commissioner’s report, on a question which might be affected by extrinsic evidence, and the question is not made in the court below, the appellate court will not consider it. Peters v. Neville, 26 Gratt. 549 ; Myers v. Nelson, 26 Gratt. 729 ; Keck v. Allender, 37 W. Va. 201, 16 S. E. Rep. 520; Hildreth *963 y. Turner, 89 Va. 858, 17 S. E. Rep. 471; Wilson v. Wilson, 93 Va. 546, 25 S. E. Rep. 596. See monographic note on “Commissioners in Chancery” appended to Whitehead v. Whitehead, 23 Gratt. 376.
Where thesales-commissioner’s report shows that the sale was made as the decree prescribed, no objection will be allowed in the appellate court, where none was made below. Smith v. Henkel, 81 Va. 524.
C. TO CONFIRMATION. — A debtor cannot have a decree reversed confirming' a sale of real estate for an error in the decree ordering the sale, when he has not taken the proper steps in the court below before the confirmation to review said decree of sale. Hughes v. Hamilton, 19 W. Va. 396.
Where no objection was made in the lower court to the decree of sale before an account of liens was taken, it cannot be taken advantage of in the appellate court. Where a sale is confirmed without obj ection it is presumable that the property brought its full value. Karn v. Rorer Iron Co., 86 Va. 754, 11 S. E. Rep. 431; Redd v. Dyer, 83 Va. 331, 2 S. E. Rep. 283.
Irregularities. — Objections to the confirmation of a sale of land founded upon errors and irregularities in the proceedings, should be made in the lower court, since such irregularities, on timely notice might have been remedied. Thomas v. Davidson, 76 Va. 338. See Hansucker v. Walker, 76 Va. 753, holding that where no day for redemption was allowed, the exception came too late for the first term in the appellate court.
Exception. — Where a decree for the sale of real estate had been confirmed, it will not be reversed at the instance of the debtor, when he took no steps in the court below before the confirmation to review said decree, except perhaps in some case where the purchaser is party to the suit. Beard v. Arbuckle, 19 W. Va. 135 ; Dick v. Robinson, 19 W. Va. 159 ; Charleston, etc., Co. v. Brockmyer, 18 W. Va. 586.
XVI». EXPENSES.
Costs — Fees of Counsel — When property is sold under decree of court to satisfy liens thereon, out of the proceeds must be paid the taxed costs, but not more than the legal fee to the plaintiff’s counsel. If an allowance beyond the usual fee, for counsel representing the creditors, be proper, and it be paid out of the proceeds, it should be credited ratably on the liens, .so as not to tax the debtor with it. Citizens’ National Bank v. Manoni, 76 Va. 802.
When the circuit court, on confirmation of a commissioner’s report, fixes an attorney’s fee at $25, this court will not disturb such finding, unless plainly contrary to the evidence in support of such fee. Shahan v. Shahan (W. Va.), 37 S. E. Rep. 552.
Compensation of Auctioneer. — it was proper to allow compensation for the services of an auctioneer in‘making the sale ordered by the court and also the expenses of a former advertisement of the sale of the property by the trustee, which had been enjoined by the debtor, and the injunction dissolved. Hogan v. Duke, 20 Gratt. 244.
Extra Allowance. — Extra allowances to trustees and receivers should not be made in the absence of evidence of extraordinary services rendering such allowances just and reasonable. Weigand v. Alliance Supply Co., 44 W. Va. 133, 28 S. E. Rep. 803.
Report of Commissioner — Oath—Fees.—Where a report of a commissioner, under an order or decree of reference is returned, it is the duty of the court, when called to its attention, to see that the certificate under oath, of the fees and time employed of the commissioner, as required by section 5, ch. 137, is-annexed thereto, and that no fees be allowed or paid thereon until such certificate is made. Weigand v. Alliance Supply Co., 44 W. Va. 133. 28 S. E. Rep. 803.
Proceeds — Insufficiency— Personal Decree. — if the-proceeds are insufficient to pay the plaintiff’s claim the expenses of the sale and the costs of the suit,, then for any deficiency of course there should be upon the confirmation of the sale, a personal decree rendered against the defendant-debtors for such deficiency after deducting from the proceeds of the sale the expenses of the sale; and if there has not been enough produced by the sale to pay the plaintiff’s claim, the expense of the sale and the costs, whatever remains of the costs, should be decreed against all the defendants including the fraudulent grantors. Hinton v. Ellis, 27 W. Va. 427.
Employment of Stenographers. — Neither the circuit courts nor the judges thereof are authorized, under the statute providing for employment of shorthand reporters in said courts, to employ or authorize the employment of said reporters before commissioners in executing the orders or decrees of reference of such courts. Weigand v. Alliance Supply Co., 44 W. Va. 133, 28 S. E. Rep. 803.
Compensation of Commissioner — Res Judicata.— When the report of a sale which contains a statement of the commissions charged by the commissioner has been confirmed by the trial court, and that decree has been confirmed by the appellate court, without objection to the charge made by the commissioner, thequestionbecomes res judicata, and the amount of the commission is beyond the reach of a judicial inquiry. Roller v. Pitman, 98 Va. 613, 36 S. E. Rep. 987.
XIX. PROCEEDS OF SALE.
A. DISPOSITION — The proper rule in such sales is, to direct in the decree ordering the sale that the cash payment shall be retained by the commissioners making the sale, or be paid into bank to the credit of the suit, subject to the future order of the court. The purchase money being thus under the. control of the court, will, upon the confirmation of the report or upon setting aside the sale, be - disposed of in the way that shall then seem proper. Arnold v. Casner, 22 W. Va. 461; Cox v. Price (Va.), 22 S. E. Rep. 512.
A judicial sale is the act of the court and not of the commissioner who offers the property and receives the bids. The sale is not complete until a report of the bidding has been made and confirmed by the court. And, therefore, it would be irregular, though not sufficient ground, perhaps, to reverse the decree, for the court, by its decree ordering the sale, to direct the disbursement of the cash payment before the confirmation of the sale. Arnold v. Casner, 22 W. Va. 461; Anderson v. Davies, 6 Munf. 486.
Acceptance by Owner of Proceeds — Affirmation of Sale. — Where a party interested in the land, with a full knowledge of all facts, elects to affirm the sale, he will be conclud ed by it, and in this case the acceptance, without objection, of his share of the proceeds of sale in Confederate money (for which the sale was made), was held to be such an affirmation. Howery v. Helms, 20 Gratt. 1.
Investment of Proceeds. — That the courts of this commonwealth, during the war had the authority to decree sales for Confederate money, and to make investments of funds under their control in Confed *964 •erate securities, is no longer an open question. Transactions in Confederate currency during- tlie •war, and investments in Confederate securities '(when properly made), must now he held to he as 'valid and binding as if made in time of peace in a sound currency. Walker v. Page, 21 Gratt. 636.
B. RIGHT OF COMMISSIONER TO COLLECT PROCEEDS OP SALE. — A commissioner who is directed to file the bonds with his report has no authority to collect them. Omohundro v. Omohundro, 27 Gratt. 824.
A special commissioner appointed by a decree of the court of equity is simply the creature of such court, who has no powers except such as are conferred upon him by the order of his appointment and the course of practice of the court. Such special commissioner who makes the sale and takes bonds payable to himself as such commissioner, when said sale is reported to the court and confirmed, has no authority to collect said sale bonds uni ess the decree conferring the appointment or some subsequent decree or order of the court gives him authority to do so. And when he sues to enforce the payment of bonds executed to him as commissioner, must aver in his bill his appointment and authority to collect said bonds, or the bill will be held insufficient on demurrer. Blair v. Core, 20 W. Va. 265; Clarke v. Shanklin, 24 W. Va. 30.
Authority to Collect Implied. — A friendly suit was instituted for the sale of land in which a number of persons were interested, and there was a decree for a sale on a credit of six months, with the privilege of the purchasers to pay cash, and the commissioners were directed to give bond of $40,000. There was a sale and the purchasers gave their bonds for the purchase price, and afterwards paid part of the purchase money to the commissioners who paid to several of the parties entitled their share of it, or part of it. It was held that under the terms of the decree in the case, and the condition of things at the time and looking to the amount in which the commissioners were required to give security before acting, their authority to receive the purchase money may be implied. Finney v. Edwards, 75 Va. 44.
XX. BIDDERS.
A. WHO MAY BID. — A sale commissioner may decline to cry the bid of a person who has refused ■to comply with the terms of a former sale, and who gives no satisfactory assurance of ability to comply with the terms of the second sale. Hildreth v. Turner, 89 Va. 858, 17 S. E. Rep. 471.
The auctioneer cannot himself bid for the property nor can he receive sham bids. Hilleary v. Thompson, 11 W. Va. 113; Brock v. Rice, 27 Gratt. 812, and •note.
Where two commissioners unite in advertising, and both are present at a sale, and one of them declines to join in the report, but makes a separate report, asking that a former sale be confirmed to a bidder who refused to comply with the terms, and that such bidder (though a non-resident) be required to show cause why said former sale should not be confirmed; it was held that the validity of the second sale was not affected by the said facts, and that the court had no jurisdiction over such bidder. Hildreth v. Turner, 89 Va. 858, 17 S. E. Rep. 471.
(i) Rights and Liabi Iities. — Bidders acquire no rights until their bid is accepted and the sale is confirmed. Terry v. Coles, 80 Va. 695.
The bid made by the purchaser at the sale must be considered as his offer to the court through its commissioners ; and in making it he agrees to be bound thereby, when it is accepted and approved by the court. Marling v. Robrecht, 13 W. Va. 440.
(z) Sale by Bidder at Advanced Price. — Bidders at a judicial sale have no right to sell their bids at an advanced price before the sale is confirmed, unless such advance inures to the benefit of the parties to the suit. Camp v. Bruce, 96 Va. 521, 31 S. E. Rep. 901.
(3) Limitation of Time upon Bidders. — The court will discourage the limitation of time upon bidders, which would prevent a fair sale of the property, yet when the property has been cried for a considerable time and the only effect was to quicken the bidders, the court will confirm the sale. Fairfax v. Muse, 4 Munf. 124.
B. COMBINATIONS AMONG BIDDERS.
(1) When Illegal. — Where property is to be sold at auction, and especially at a judicial sale or at a sale in the course of governmental administration, a secret combination and agreement amongst persons interested in bidding to refrain from bidding in order to prevent competition and to lower the selling price of the property, is illegal. Barnes v. Morrison, 97 Va. 372, 34 S. E. Rep. 93, 5 Va. Law Reg. 373.
If the purchaser combined with others to purchase the property at the attachment sale, at a sacrifice; and if, in pursuance of such combination, they so acted as to prevent competition at said sale, or to prevent the said property realizing a fair value, then such combination and action was fraudulent; and the deed of the sheriff passed no title to the purchaser. Underwood v. McVeigh, 23 Gratt. 409.
Where an insolvent debtor, whose lands are about to be sold by commissioners of sale to pay liens upon them makes an arrangement with a third party whereby he agrees to use his best efforts at the sale to depreciate the price, which a certain lot may bring, so that this lot may be bought by such third party at a grossly inadequate price, and in consideration thereof this third party agrees to convey to the insolvent debtor a portion of the said lot for the excess which may be paid for this lot over one thousand dollars, or to convey to the debtor for nothing, if it be purchased for less than one thousand dollars; such contract was held fraudulent, and the parties to it are in pari delicto, and the court will not enforce such contract at the instance of the debtor. Horn v. Star Foundry Co., 23 W. Va. 522.
(2) When Not Illegal. — Since nothing appeared in the record to show that the property sold at a judicial sale brought less than its value when purchased by the owner, on account of the arrangement between him and the defendant, or that the creditors of the owner did not receive the benefit of the proceeds of the sale, it cannot be objected that it was such a fraudulent arrangement by the owner to cover up his property in fraud to his creditors, who do not appear to be injured and are not heard to complain, as will prevent his enforcing the agreement. Fluharty v. Beatty, 4 W. Va. 514.
See Tucker v. Tucker, 86 Va. 679, 10 S. E. Rep. 980, where the purchase was allowed to stand even though another purchaser was bought off. The court saying in this case the land sold at a price above the assessed value, and the motion to set aside for inadequacy of price was not sustained.
Where two or more persons desire to acquire different parts of a tract of land which is offered for sale at public auction by commissioners under a decree of a court, with respect to the convenience of *965 the several parcels to their own land respectively, it is not unlawful or improper for them to hid for the whole tract when it is oifered to the highest bidder with the understanding that they will divide it between themselves, and how they will divide, if they should become the purchasers, and that each one shall be bound to comply with the terms of purchase as to his own part as agreed between them. Roudabush v. Miller, 32 Gratt. 454; Barnes v. Morrison, 97 Va. 372, 34 S. 33. Rep. 93.
Rand is sold under a decree, but before the sale is confirmed it is agreed, at the instance of the purchaser, between him and a creditor under the decree entitled to a part of the proceeds of sale, that if the latter will agree to the setting aside of the sale, he, the purchaser, will save the creditor harmless from all loss which he may sustain by reason of setting the sale aside and having the property again offered. Held, such contract is not per se a fraud upon the due administration of justice, and, unless such fact is made to appear, it is binding upon and enforceable against the purchaser. Wick v. Dawson, 42 W. Va. 43, 24 S. E. Rep. 587.
Where a purchaser at a judicial sale resold at a greater price to a substituted purchaser, the fact that the latter reauired a bond of indemnity is not sufficient evidence of collusion to defraud the heirs by procuring sale at an inadequate price. Lawson v. Moorman, 85 Va. 880, 9 S. E. Rep. 150.
C. PUFFERS. — If the owner of an estate put up for sale at auction, employ one or more puffers to bid for him, it is a fraud on the real bidders, and the highest bidder cannot be compelled to complete the contract, unless it is publicly announced at the time of the sale, that there will be suck puffer or by-bidder, who will bid at the auction. Peck v. List, 23 W. Va. 338.
XXI. OPENING BIDDINGS.
A. PROCEDURE. — For the mode of proceeding on application, to open the biddings and on what advance it will be done, Moncubb, P., in his opinion quotes the following from Sugden: “Where a person is desirous of opening the biddings, he must, at his own expense, apply to the court by motion for that purpose, stating the advance offered. Notice of the motion must be given to the person reported the purchaser, and to the parties in the cause. If the court approve of the sum offered the application will be granted. * * The court will stipulate for the price and will not let the biddings be opened upon a small advance. * * * Biddings are im general not to be opened after confirmation of the report, increase of price alonéis not sufficient, however large.” Effinger v. Ralston, 21 Gratt. 430.
B. DISCRETION OF COURT. — Whether the court will reopen the bids after a judicial sale, is a question addressed to the sound discretion of the court, subject to review by the appellate court, and the propriety of its exercise depends upon the circumstances of the particular case, and can only be exercised when it can be done with-a due regard to the rights and interests of all concerned — the purchaser as well as all others. Roudabush v. Miller, 32 Gratt. 454; Berlin v. Melhorn. 75 Va. 639; Hansucker v. Walker, 76 Va. 753; Todd v. Gallego, etc., Co., 84 Va. 586, 5 S. 33. Rep. 676; Moore v. Triplett, 96 Va. 609, 32 S. E. Rep. 50: Hudgins v. Lanier, 23 Gratt. 494; Brock v. Rice. 27 Gratt. 812; Carr v. Carr, 88 Va. 739, 14 S. E. Rep. 368; Kable v. Mitchell, 9 W. Va. 492; Coles v. Coles, 83 Va. 525, 5 S. E. Rep. 673.
Fraud — Misrepresentation.—In a judicial sale, if it should be made to appear either before or after the sale has been ratified, that there has been any injurious mistake, misrepresentation or fraud, the biddings will be opened, the reported sale rejected, or the order of ratification rescinded, and the property again sent into market and sold. Merchants’ Bank v. Campbell, 75 Va. 455; Berlin v. Melhorn, 75 Va. 639.
C.UPSET BIDS.
(i) In General. — Ordinarily a sale will be set aside and the biddings reopened at any time before confirmation upon the offer of a substantial upset bid. Coles v. Coles, 83 Va. 525, 5 S. E. Rep. 673; Nat. Bank v. Jarvis, 28 W. Va. 805.
But no fixed rule can be laid down as to the amount of an upset bid which will set aside a sale, but confirmation must depend upon the facts of each case. But the sale being for a price reported by the commissioners of sale and by the commissioner of accounts, and certified by three adjacent land owners, as much below the actual value of the land, and there being a well secured upset bid of ten per cent, the sale ought to have been set aside for inadequacy of price and a resale ordered. Hansucker v. Walker, 76 Va. 753; Todd v. Gallego, etc., Co., 84 Va. 586, 5 S. E. Rep. 676; Kable v. Mitchell, 9 W. Va. 492; Hughes v. Hamilton, 19 W. Va. 366.
A substantial upset bid, well secured, put in before the confirmation of a reputed sale, is as much a valid bid as if made at the auction, and cannot be disregarded by the court. Ewald v. Crockett, 85 Va. 299, 7 S. E. Rep. 386; Todd v. Gallego, etc., Co., 84 Va. 586, 5 S. E. Rep. 676.
A commissioner was empowered to sell property for one-fourth cash, and balance in one, two and three years, and the sale was made and reputed at $1,000, receiving cash $56.50 and purchaser’s notes for the balance payable in three equal annual installments, and that he had found it impossible to sell to any advantage on the terms of the decree. On hearing the sale was confirmed. During the same term an upset bid of 10 per cent, was offered, with no money or security tendered. There was no affidavit or suggestion that the price was inadequate, and without notice to the purchaser. A decree was entered rescinding confirmation, ordering the property to be set up on the terms ordered and started at $1,100. It was held that the decree of rescission of confirmation was erroneous. Langyher v. Patterson, 77 Va. 470; Yost v. Porter, 80 Va. 855.
Where land has been sold under decree in a creditor’s suit and reported on the same day as sold to thehighest bidder for $10.100, and thereupon a person asks to be allowed to put in an upset bid of 10 per cent, advance, the bid should be allowed and the biddings opened to all. In such case, a former bidder not having withdrawn his bid, and the court having been asked to act definitely in five days, and twenty days were allowed for perfecting the upset bid by depositing money and giving bonds, this was held not error. Ewald v. Crockett, 85 Va. 299, 7 S. E. Rep. 386.
Advance Price. — Where land was sold by a commissioner in a suit and the defendant showed an offer of an advance bid of $5.00 per acre, the bidder offering to comply with such terms as the court might impose, it was the duty of the court to accept the bid, and if such terms were complied with to set aside the sale and order a resale of the property. Stewart v. Stewart, 27 W. Va. 167.
Reopening Biddings. — But the advance of $100 on *966 the price paid for the property, is no such substantial and. material advance upon the price obtained by the commissioner, as would justify the court in annulling- the sale and ordering a new sale. Hudgins v. Lanier, 23 Gratt. 491.
(2) Who May Put in. — The court of equity exercises sound legal discretion as to whether or not it will accept an upset b’id on land sold under its decree. A mere advance of 10 per cent, though well secured, is not always to be accepted with regard to the circumstances of the case. But a substantial and well secured upset bid should be accepted unless there be circumstances going to show that injustice will be done to the purchaser, or other persons.
Usually, however, one who was present at the sale, and bid on the property, or had the opportunity -of bidding will not be allowed to put in an upset bid. Moore v. Triplett. 98 Va. 603, 32 S. E. Rep. 50.
(3) Refusal to Accept. — One who was not a party to the suit asked leave to file a petition, offering, for the land to be sold, $800 — $125 in cash and the balance in one, two and three years, without interest; the master having reported it as worth $900, and it having cost $1,200, without improvements, such leave was refused. Upon which facts the appellate court held there was no error. Cooper v. Daugherty, 85 Va. 343, 7 S. E. Rep. 387.
(4) Prejudice. — When a sale has been fairly made, and for a fair price, it should never be set aside, when there is good reason to believe that the upset bid has been offered to gratify ill will towards the purchaser. Roudabush v. Miller, 32 Gratt. 454; Coles v. Coles, 83 Va. 525, 5 S. E. Rep. 673.
XXII. SETTING ASIDE SALE.
A. AFTER CONFIRMATION.
(1) Fraud, etc. — After confirmation a judicial sale will not be set aside, except for fraud, surprise or other cause for which equity would relieve in case of sale by parties, and the fraud must be distinctly charged, otherwise it is irrelevant. Va. Fire, etc., Co. v. Cottrell, 85 Va. 857, 9 S. E. Rep. 132; Berlin v. Melhorn, 75 Va. 639; Bank v. Campbell, 75 Va. 455; Patterson v. Eakin, 87 Va. 49, 12 S. E. Rep. 144; Earn v. Rorer Iron Co., 36 Va. 754, 11 S. E. Rep. 431; Allison v. Allison, 88 Va. 328, 13 S. E. Rep. 549; Langyher v. Patterson, 77 Va. 470; Hickson v. Rucker, 77 Va. 135; Harman v. Copenhaver, 89 Va. 836, 17 S. E. Rep. 482.
(2) Procedure. — Where a judicial sale has been confirmed by the court it cannot be set aside except upon petition or motion, after proper notice to all parties interested and for good cause shown. Langyher v. Patterson, 77 Va. 470; Taylor v. Palmer, Va. Law J. 1882, p. 441.
The proceedings to rescind a confirmed sale are by petition setting forth the grounds relied on. Va. Fire, etc., Co. v. Cottrell, 85 Va. 857, 9 S. E. Rep. 132.
If a decree directs the sale of real estate under circumstances which injured the sale, the parties injured should except to the report of the commis■sioner, and apply to the court to set aside the sale. A bill of review after a final decree is not the proper remedy. Vanmeter v. Vanmeters, 3 Gratt. 148.
The application of the purchasers, to have the sale set aside, should be by petition in the cause. And if they proceed by bill to enjoin the collection of the purchase money, and have the sale set aside, the bill should be treated as a petition in the cause, and be brought to a hearing with it. Cralle v. Meem, 8 Gratt. 496.
(3) Laches. — To set aside a sale for fraud and conspiracy, suit must be brought within a reasonable time after the discovery of such fraud.
One who delays three years after knowledge of all the facts attending a sale before bringing such suit is guilty of such laches as will debar him from relief. Williams v. Maxwell, 45 W. Va. 297, 31 S. E. Rep. 909.
(4) Sale Six Months after Decree — Purchaser.—Asale having been made more than six months after the decree for a sale, and having been confirmed, the sale cannotbe set aside, as to the purchasers. Dixon v. McCue, 21 Gratt. 373, citing Code of 1860, ch. 178, § 8; Quesenberry v. Barbour, 31 Gratt 491; Cooper v. Hepburn, 15 Gratt. 551.
Sale Made Six Months after Decree — How Computed. —Under the Code of Va. of 1873, ch. 174, § 11, forbidding a judicial sale tobe set aside when such sale was made more than six months after the decree of sale, that period must be computed from the date of the decree becoming operative, where date of redemption is given; Frazier v. Frazier, 77 Va. 775.
(5) Previous Authority of Commissioner. — Nor will the objection made by the bill of review, after confirmation that the commissioner was not previously authorized, make the sale void, but merely relates to an irregularity which might have been taken advantage of before confirmation. It is certainly not such a defect in the sale by the court as would have warranted this court in reversing the decree of confirmation in the absence of any evidence that the party had been prejudiced by it. Core v. Stricler, 24 W. Va. 697 ; Estill v. McClintic, 11 W. Va. 400.
B. BEFORE CONFIRMATION.
Inadequacy of Price. — A sale maybe set aside before confirmation for gross inadequacy of price, but, if it be attempted to establish this by parol evidence only, the proof must be very clear, especially if a great length of time elapsed between the sale and its confirmation, and during this time no advance bid has been made to the court. Connell v. Wilhelm, 36 W. Va. 598, 15 S. E. Rep. 245; Tracey v. Shumate, 22 W. Va. 474.
But if a judicial sale has been confirmed mere inadequacy of price is not sufficient to justify the setting aside of such sale. Harman v. Copenhaver, 89 Va. 836, 17 S. E. Rep. 482.
A greatly inadequate price is generally, when clearly shown, sufficient cause to set aside a judicial sale. Hartley v. Roffe, 12 W. Va. 401; Kable v. Mitchell, 9 W. Va. 492; Hughes v. Hamilton, 19 W. Va. 366; Beaty v. Veon, 18 W. Va. 291.
If inadequacy of price was ground for setting aside a decree of confirmation, a sale of land at $4,-000 which had at two prior sales within the period of two years sold for $1,550 and $2,650 respectively, could not be deemed inadequate. Allison v. Allison, 88 Va. 328, 13 S. E. Rep. 549.
A sale ought not to be set aside on the grounds of smallness of price, if it was occasioned by the acts of the complainant. Forde v. Herron, 4 Munf. 316.
Who May Show Cause. — The purchaser of the land being bona fide and his purchase being confirmed by the court, it is for the debtor or his assignee, if they would set the sale aside, to show that the price was inadequate, or that only a part of the land should have been sold to pay the plaintiff’s debt and this they failed to do. Barr v. White, 30 Gratt. 531, and note.
When Considered. — The circuit court ought not to set aside a sale by a commissioner for inadequacy of price, when there have been two previous sales of the same land, and the last sale was not made until *967 after repeated adjournments by the commissioner of sale with the view to getting the highest price possible, merely because there was a slight preponderance in the weight of the affidavits filed indicating that the price obtained was not the full value of the property. McMullen v. Eagan, 21 W. Va. 233. See also, similar cases, Tucker v. Tucker, 86 Va. 679. 10 S. E. Rep. 980; Hazelwood v. Forrer, 94 Va. 703, 27 S. E. Rep. 607; Moran v. Clark, 30 W. Va. 358, 4 S. E. Rep. 303; Curtis v. Thompson, 29 Gratt. 474; Trimble v. Herold, 20 W. Va. 602; Max Meadows, etc., Co. v. McGavock, 4 Va. Law R. 382, 98 Va. 411, 36 S. E. Rep. 490.
Few Bidders — Question lor the Court — It is no just cause for vacating a judicial sale, that only a few bidders were present. The only inquiry for the courtis, whether the terms of the decree have been pursued and the property sold at an adequate price. Hudgins v. Lanier, 23 Gratt. 494.
But a sale of a tract of a land made by a commissioner under a decree of the chancery court, on a day so inclement that persons intending to be present and bid for a part of the land are prevented from attending, and when there was only one bidder present, who lived at the place, such sale will be set aside, without weighing the evidence, which was conflicting, as to the sufficiency of the price at which it was sold. Roberts v. Roberts, 13 Gratt 639.
Procedure. — If a party objects to a sale for inadequacy of price, he should move the court to open the biddings and offer an advance on the price bid; his objection to the confirmation of the sale, without more, is no ground for refusing to confirm it. Effinger v. Ralston, 21 Gratt. 430.
G. IN GENERAL.
(i) Sale Set Aside.
Uncertainty of Sale. — The decree directed the commissioner to sell the land in the bill and proceedings mentioned, or so much thereof as may be necessary to satisfy the purposes of the decree. The commissioner reported that he sold the tract of land in the bill mentioned, known as the “Home Tract.*' This tract was described in the bill as lying partly in Tazewell county and partly in Mercer county West Virginia; but how much in each was differently stated in the different bills, and it was doubtful whether the commissioner sold the whole or only that in Tazewell county. Held, the report leaving it in doubt how much or what they sold, the sale should be set aside. Barger v. Buckland, 28 Gratt. 850.
Objections — Valid.—A judicial sale was objected to, first, because the land was sacrificed; secondly, because one of the commissioners to sell was interested in the purchase of one-half of the land; thirdly, because a material advance was offered by a substantial bidder; and fourthly, because there was no memorandum. It was held that these were valid ob j ections and the sale was properly set aside. Teel v. Yancey, 23 Gratt. 691.
Interlocutory Decree. — Where land is sold under an interlocutory decree, which has never been confirmed, and purchased at a sacrifice, such sale ought to be set aside on an appeal by the administrator although the heirs (who were infants) did not join in the appeal. Cocke v. Gilpin, 1 Rob. 20.
Sale Improper. — Jf the report of the sale and order of confirmation is excepted to, and the record discloses sufficient reasons to show that the sale was improper and ought not to have been made, the decree or order of confirmation will be reversed and the sale set aside. Capehart v. Dowery, 10 W. Va. 130.
Where all of the parties are not before the court when suit is brought to sell the land the decree of sale will be set aside. Sexton v. Crockett, 23 Gratt. 857.
When Proper — Upset Bid. — Under a decree of court, a commissioner is directed to sell three tracts of land; on the day of the sale, land is bid off to the debtors, and he being unable to comply with the terms of the sale makes a parol agreement with D, by which it is agreed that he shall be reported as the purchaser instead of the debtor and the latter as an inducement to D to purchase, agrees to get his wife to release her contingent dower in the land which afterwards the wife refuses to do; the commissioner reports D as a purchaser and the court confirms the sale without objection; on a subsequent day of the same term, a creditor of the debtor, offers for one of the tracts of land an upset bid oí twenty per cent, advance of the price of such tract; at a subsequent term D moves the court to confirm the sale to him of the said tract, and the debtor moves the court to have the same set aside and a resale ordered; the court set aside the sale and orders a resale on the basis the upset bid and the resale is made. The creditor becomes a purchaser at his upset bid; this sale is confirmed and D appeals to this court. Held, the court properly set aside the order confirming the first sale. National Bank of Kingwood v. Jarvis, 28 W. Va. 805.
Where a suit in equity is brought by a party to enforce his judgment lien against real estate which his debtor holds jointly with another, and both of the owners of said real estate are made parties to the suit, and served with process, although no allegation is made or lien asserted against the party holding said real estate, jointly with such judgment debtor, and the cause being referred to a commissioner to ascertain the liens existing against said real estate, and their priorities, who reports a judgment lien existing against the real estate belonging to said party who is not the judgment debtor mentioned in the bill, it is error to decree a sale of the entire property, and such decree may be set aside by bill of review filed in proper time. Calvert v. Ash (W. Va.), 35 S. E. Rep. 887.
(3) Sale Not Set Aside. — The fact that the parties owned another tract of land in another county, and that it did not appear that partition in kind of the two tracts could not be made, is not ground for setting aside the sale; the parties not wishing to sell this other tract. Frazier v. Frazier, 26 Gratt. 500.
Increase of Value. — In crease of value is not ground for rescinding sale. Va. Fire, etc., Co. v. Cottrell, 85 Va. 857, 9 S. E. Rep. 132.
Sale Not on Premises — Regular in Other Respects.— If a tract of land, being advertised to be sold on the premises, be sold, not immediately on the premises, but within eighty yards of the dwelling house,' within full view of it, and about fifteen or twenty yards of the boundary line; it being believed by some present that they were on the premises; such sale, being regular in other respects, and no fraud appearing, is not to be set aside. Ferguson v. Franklins, 6 Munf. 305.
Redemption. — Where the decree allowed ninety days for the redemption and the commissioners advertised before the expiration of that period, but one hundred, and three days elapsed before the sale and neither the debtor nor his creditors could have been benefited by a further delay, it was held that *968 this was not sufficient ground for setting aside the sale. Strayer v. Long, 89 Va. 471, 16 S. E. Rep. 357.
Private Sales. — The owner of land, sold under a decree of court to pay his debts, having consented to a private sale to a certain person at a certain price and the commissioners having sold to another at a higher price he could not withdraw his consent to a private sale, so as to set aside the sale as made, as not made in pursuance of the decree. Hudgins v. Lanier, 23 Gratt. 494.
Lis Pendens — Estoppel.—A sale of land to satisfy a judgment was confirmed and half the purchase money was paid and the writ of possession awarded. Fifteen months after the sale, two sons of the former owner filed a hill claiming portions of the land under oral contracts with their father, accompanied by full payment and possession and conveyances made during the proceedings under which the sale was made. The complainant’s own testimony, which was materially contradicted by written evidence was the only direct testimony proving the sale. They pretended to have paid a portion of the money to the assignee in bankruptcy of their father but neither the assignee nor the father’s testimony was taken. One of the sons was a party defendant to the suits in which the sale was had, and present at the sale but he did not set up any claim to the land and the father admitted ownership in his answer, both complainants were in the vicinity pending these proceedings and must have known of them. Held, that this evidence was not sufficient to sustain the bill of the complainants. McGee v. Johnson, 85 Va. 161, 7 S. E. Rep. 374.
Sale — Defect—Waiver of Objection. — Though in this case there was a decree for the sale of the land, and a sale before an account of the debts was taken, the sale of the land will not be set aside upon the objection of some of the creditors who came in after the decree, made years after the sale, when it is obvious the land would not sell for as much as it had sold for before, and which was more than some of these creditors had expressed their willingness to take for it Wallace v. Treakle, 27 Gratt. 479.
Purchaser — Necessary Parties — Bond of Plaintiff.— Where there are conflicting claims as to the purchase money of land sold under a decree the purchaser should be made a party by rule issued against him to show cause why the sale should not be set aside. But in no event is said sale to be set aside and a resale ordered, unless the plaintiffs or some one for them shall give bond with proper security before said court for a substantial advance upon the price for which the property heretofore sold. McClintic v. Wise, 25 Gratt. 448.
XXIII. PURCHASERS.
A. RIGHTS OF PURCHASERS. — When a void judicial sale is disaffirmed .by the court, the purchaser should be placed in statu quo. In order to do this where improvements have been made, he must receive back his purchase money with interest, and be charged with reasonable rents and profits while he is in possession, less taxes paid by him and also has a right to charge the land with the amount of debt paid by him. Charleston, etc., Co. v. Brockmeyer, 23 W. Va. 635 ; Haymond v. Camden, 22 W. Va. 180 ; Effinger v. Kenney, 92 Va. 245, 23 S. E. Rep. 742 ; Hull v. Hull. 35 W. Va. 155, 13 S. E. Rep. 49 ; Hudgin v. Hudgin, 6 Gratt. 321.
Asale having been irregularly made, as the purchasers could not enforce their contracts, if resisted by the parties in the cause, they ought not to be compelled to perfect them if they, object. Talley v. Starke, 6 Gratt. 340.
Sale by Guardian. — Even if it is doubtful whether the guardian could maintain such a suit, yet it having been brought, and the sale having been so made and perfected, the purchaser will not be disturbed in his purchase at the suit of the infants. Zirkle v. McCue, 26 Gratt. 517.
Relief of Purchasers — Mistake — Fraud—Proof. — A purchaser is entitled to relief on the ground of after-discovered mutual mistake of material facts, or fraud, which must be clearly proved. Redd v. Dyer, 83 Va. 331, 2 S. E. Rep. 283 ; Long v. Weller, 29 Gratt. 347.
Encumbrances Subsequent to Decree of Sale. — Where land is sold, under the decree of the court having jurisdiction of the subject, to paya deed of trust and a judgment debt and the judgment against the owner is obtained and docketed subsequent to the decree of sale and prior to the sale; the purchaser at such judicial sale takes the land free of the judgment lien. Davis v. Landcraft, 10 W. Va. 737.
Sales in Parcels. — Where land was sold in parcels, and one person became the purchaser of two or more parcels to be used together, and the purchase of one parcel was the inducement to purchase the other, and if, by reason of an upset bid, the purchaser loses one parcel, a court of equity ought not to compel him to take the other lot against his consent, and especially if the terms of the upset bid preclude a resale of the tract in the same manner as before. Moore v. Triplett, 96 Va. 603, 32 S. E. Rep. 50.
Public Policy. — Public policy requires that purchasers should be entitled to certainty and security in their rights under their purchase at judicial sales and that confirmation should not be refused simply because they have obtained a good bargain. Langyher v. Patterson, 77 Va. 470.
Disaffirmance of Sale — Subrogation.—Where a bill is filed against the executor of the testator to subject land to the payment of the debts of such testator and the heirs and devisees are not made parties, they are not bound by the sale and confirmation and the deed of the commissioner did not pass title. The will subjected the land to the payment of the testator’s debts ; and the purchaser who bought in good faith is entitled upon the disaffirmance of the sale, to be substituted to the rights of the creditor, and to charge the land to the amount of the debt paid by him. Hudgin v. Hudgin, 6 Gratt. 320. See also, Hutson v. Sadler, 31 W. Va. 358, 6 S. E. Rep. 920.
Where the purchaser pays a second time, he will be substituted to the creditor’s rights under a decree requiring the commissioner to pay them. Lee v. Swepson, 76 Va. 173 ; Tyler v. Toms, 75 Va. 116.
Injunction. — The interest of a purchaser at a foreclosure sale will be protected by injunction, upon the confirmation of the sale, as against the execution sued out by the creditors of the mortgagor. Crews v. Pendleton, 1 Leigh 297.
Investigation of Truth Stated in Bill. — There had been a sale of the land of an infant under the decree of the proper court, in 1860, and a payment of the purchase money. In 1870, the infant by his next friend filed his petition in the cause to setaside the decree and sale, on various grounds. Held, although a purchaser at a judicial sale may be required to see the regularity of the proceedings upon which the-jurisdiction of the court is founded, he is not bound to investigate the truth of the matters *969 stated in the bill and deposed to by the witnesses touching- the estate owned by the infant. His title cannot be affected because the case made by the record happens not to be warranted by the facts. Durrett v. Davis, 24 Gratt. 303.
Sales by the Court — Sale in Pais. — Purchasers at judicial sales can presume that all things in the cause have been correctly concluded, but purchasers at private sales are negligent if they do not examine their titles. Effinger v. Hall, 81 Va. 94.
Irregularity of Proceedings — Effect. — The debtor haying been served with process and having answered, he continued to be a party in the cause during all the subsequent proceedings. The petition for the sale of the land and the sale were proceedings in the cause, and he must be taken to be cognizant of these proceedings. And there not being any error on the face of the proceedings, the purchasers are not to be affected by any irregularities not apparent on their face. Crawford v. Weller, 23 Gratt. 836.
Previous Sale. — Purchasers at a judicial sale should not be compelled to complete their purchase if the land had before that time been sold in another suit and neither the sale nor the decree therefor has been set aside. Utter v. Scott, 90 Va. 762, 19 S. E. Rep. 776.
Inquiry as to Title of Parties. — The purchaser being tona fide is not bound, as against the parties to the suit, to enquire whether their title to the property was such as stated in the bill. Zollman v. Moore, 21 Gratt. 313.
Rights of Appeal. — in sales made by commissioners under decrees, and orders of a court of equity the purchasers, who have bid off the property and paid their deposits in good faith, are considered as haying inchoate rights, which entitled them to a hearing upon the question, whether the sale shall be set aside. Audit'the court errs by setlingaside the sale improperly, they have the right to carry the question by appeal to a higher tribunal. Hable v. Mitchell, 9 W. Va. 492; Hughes v. Hamilton, 19 W. Va. 366; Connell v. Wilhelm, 36 W. Va. 598, 15 S. E. Rep. 245.
Purchaser at a Void Sale in Possession — Statute of Limitation.--A court of equity without jurisdiction pronounces a decree for the sale of a certain parcel of land, and appoints commissioners, with direction to make the sale. They sell the land; the court confirms the sale, and appoints the commissioners to convey the land to the purchaser on payment of the purchase money. The purchase money is paid, and the commissioners make to the purchaser a deed purporting to convey the land in fee. Such deed being proved constitutes color of title.
Under such deed the purchaser and those claiming under him held the house and lot in question in actual, visible, and exclusive possession continuously for more than 10 years before the bringing of the suit, claimingitin fee as their own, subject only to the wife’s contingent right of dower. Held, the remedy of the original owner and of those claiming under him is barred, and their right to the possession extinguished. Mullan v. Carper, 37 W. Va. 215, 16 S. E. Rep. 527.
Judgments — Lands in Another County. — The purchaser of land under a decree in the county in which the land lies, is not affected by constructive notice of a judgment obtained in another county which is not docketed in the former county until after the sale is confirmed and the purchase money is paid, though the title is retained. Logan v. Pannill, 90 Va. 11, 17 S. E. Rep. 744.
Notice of Confirmation — Papers Absent from Clerk’s Office. — The sale of slaves having been made by a commissioner of the court but no report of the sale haying been made and returned to the court until after a period of between four or five years, during which period the papers in the cause are absent from the clerk’s office, precluding the purchaser from knowing what was done and the order directing the sale not authorizing the delivery of the slaves to the purchasers, it was error to make an order confirming said-sale without notice to the purchasers. Boner v. Boner, 6 W. Va. 377.
Easements. — One of two adjoining lots owned by the same party is sold at public auction under decree of a court. At the time of the sale nothing is said of an easement running from the unsold lot through the one sold, for carrying the water from the former to a culvert in the street; and such easement was not to be seen on the lot sold, and was not known to the purchaser. The purchaser is entitled to have the lot free of the easement. Scott v. Beutel, 23 Gratt. 1.
Purchasers — Confederate Honey. — It is no ground of complaint on the part of the debtor that the court decreed a sale of the land for confederate money. Jf the creditors were willing to receive such money in payment of debts due before the war, it was to the advantage of the debtor that it be so sold. And the creditors allowing the property to be sold for this money without objection, it is not for them afterwards to object to receive it in payment of their debts. Crawford v. Weller, 23 Gratt. 835.
In 1860 a commissioner under a decree of court sold land on a credit of one, two and three years. In 1861, on the application of thepurchaser the court authorized him to deposit in a certain bank the amount of his first and second bonds, which he did. The commissioner afterwards collected the third bond and deposited it in the same bank, and reported it to the court; and his report was afterwards confirmed. The court must be presumed to have known when the reports were confirmed, that the deposits were made in confederate money and neither the purchaser nor the commissioner is liable to repay the money so deposited. Mead v. Jones, 24 Gratt. 347; Dickinson v. Helms, 29 Gratt. 462.
Objections. — By buying at a judicial sale the purchaser selects his forum and submits himself to the court as to all questions concerning the sale and his purchase. If there is any objection it should have been made in that court before confirmation. Hickson v. Rucker, 77 Va. 135.
Application to Have the Sale Set Aside — Procedure.— The application of the purchasers, to have the sale set aside, should be by petition in the cause. And if they proceed by bill to enjoin the collection of the purchase money, and have the sale set aside, the bill should be treated as a petition in the cause, and be brought to a hearing with it. Cralle v. Meem, 8 Gratt. 496.
Purchasers — Payment of Purchase Money. — The two commissioners directed to sell the decedent's land were required to give the usual bond. One gave it. The sale was made, and it was confirmed, and the commissioner ordered to collect and distribute the money. The commissioner who gave the bond died in i860. The other commissioner was also administrator of the decedent and counsel for the heirs. He collected in 1861 a large amount of the purchase money and deposited it to his individual credit in a solvent bank, where it was lost during the war. A suit was brought to "hold the purchaser and the *970 land liable for tbe money paid to a commissioner vho bad given no bond and also to bold tbe commissioner responsible for tbe moneys collected and lost. Held, purchaser paid money into bands legally entitled to receive it. On tbe face of tbe decree tbe commissioner is stated to be tbe counsel for tbe decedent and legally entitled to receive tbe money. Under tbe circumstances neither the purchaser nor the commissioner is responsible and tbe loss must fall on the heirs. Thomson v. Brooke, 76 Va. 160.
But where a purchaser at a judicial sale bought in all of the liens except one and was allowed credit therefor, and to prevent a resale, paid into bank, with approval of tbe court, tbe amount of the said lien, which was recognized as appropriated to tbe owners of the said lien, and which was later lost by the failure of tbe bank, the loss will fall wholly on the owners of the said lien. If there had remained more than one unsatisfied lien, the loss would then have fallen on the general fund and been borne by tbe lienors in the inverse order of the priority of their liens. Gill v. Barbour, 80 Va. 11.
The decree directed the commissioner to give security and to pay the money coming to tbe infants to their guardian; tbe purchaser paid the commissioner in pursuance of the decree, and was exonerated from liability for its proper disposition and cannot object to the decree on that ground. Jones v. Tatum, 19 Gratt. 720.
B. LIABILITY OF PURCHASERS.
l. Payment. — The purchaser’s liability is to pay in money and it can not be discharged in any other thing, so far as any party in interest is concerned, against his consent. Frazier v. Hendren, 80 Va. 265.
A check for tbe balance due upon a party who admitted his indebtedness to tbe drawer but did not pay it, of which the purchaser had notice, is not a valid payment and tbe purchaser must account for the balance. Finney v. Edwards, 75 Va. 44.
Bonds Payable in United States Currency. — In 1863 there was a decree for the sale of land, and in tbe same year tbe sale was made by tbe commissioners who announced publicly that tbe terms of the sale were on a credit of one, two and four years, and the purchase money to be paid in tbe currency which may be in use when tbe respective payments fall due; but with the privilege to tbe purchaser to pay one-half of the purchase money upon tbe confirmation of tbe sale by the court.
The sale was confirmed by the court and tbe purchaser' paid one-half of tbe purchase money in Confederate money, and executed bonds for the other half which fell due in 1865 and 1867. Held, the purchaser must pay these bonds in United States currency, that being in use when the bonds fell due. Teel v. Yancey, 23 Gratt. 691.
Liability — Currency.—An ante-war creditor refused to receive from a purchaser of property sold for the payment of debts in 1863, Confederate currency in payment, and the purchaser obtained an order of the court to invest the money in Confederate bonds. Held, it was the purchaser’s money which was invested and he must bear the loss. Crockett v. Sexton, 29 Gratt. 46.
Payments in Confederate Money. — The purchaser at a judicial sale in 1859 gave his bonds payable annually down to 1863. He paid all but the last bond and paid on that $2,000 in Confederate money, and a few days afterwards offered to pay the balance to the commissioner in Confederate money, who refused to receive it.
The purchaser then filed his petition, stating that he owed this balance and that the commissioner refused to receive it; that he was ready to pay it, and asked that he may be authorized to pay it, that a commissioner may be appointed to convey the land to him. The court decreed that the purchaser be authorized to pay the general receiver the balance due and upon its payment that the commissioner should convey the' land to the purchaser. Held, the decree did not authorize the purchaser to pay in Confederate money and a payment to the receiver in that money was not a discharge of the debt. Myers v. Nelson, 26 Gratt. 729, and note.
2. Application op Payments. — There was a judgment for the balance on a bond executed by the purchaser as principal and surety for the price of land purchased at a judicial sale. At a resale the property brought less than the amount of the judgment. The payments madeby the purchaser on the bonds and the proceeds of a resale were applied to the purchase money under the court’s supervision, with the assent of the purchaser. Held, in an action to enforce the judgment on the land owned by the surety at its d ate, purchasers from the surety with notice of the judgment could not claim that said payments and proceeds were misapplied. Wells v. Hughes, 89 Va. 543, 16 S. E. Rep. 689.
Purchasers — Attorney—Client—Application of Payments. — A purchaser at a judicial sale executed to the receiver of a court her bonds. To him, as her attorney, she also assigned certain claims to collect and pay on her bonds. Part of the collections he applied to the payment of the bonds; the balance he did not so apply. There was nothing to show that he had charged himself, as such receiver, with the balance. Held, as the receiver collected the money as attorney for the purchaser, she was not entitled to have it credited on her bonds until he had so applied it. Paxton v. Steele, 86 Va. 311, 10 S. E. Rep. 1.
Purchases — Off-Set — Creditor.—When a commissioner is ordered by a decree of the court in a credit- or’s suit to sell the land of a deceased debtor and the land is sold and the sale is confirmed, and the purchaser at such sale, who has executed his bonds, is a creditor, and the commissioner has been ordered to pay him the debt greater than the amount of the purchase money, the commissioner may offset pro tanto the indebtedness for the purchase money on the debt due to the purchaser from the estate of the deceased debtor. Ellett v. Reid, 25 W. Va. 550.
3. Abatement oh Purchase Price. — If lands are sold under the direction of a court of equity by certain metes and bounds by a widow as guardian to her infant children who own the land subject to the widow's right of dower and she conveys their interest as well as her own designating the boundaries of the land and warranting the title, and she having shown to the purchaser before the sale the tract offered to be sold, and the purchaser is put into possession of the land so shown him, the title thereto being perfected, but it turns out,-that the boundaries set out in the deed included land not shown to the purchaser, and never held by the vendor, the court may by a rule in the said cause properly require the purchaser to pay the whole of the purchase money without allowing him any abatement for the land, which was not shown him, but which is within the boundaries specified in his deed and to which his title is worthless. Crislip v. Cain, 19 W. Va. 438.
A purchaser at a judicial sale, with full knowledge of all the facts connected with the title, will not, *971 after the sale has been confirmed, be entitled to any abatement of the purchase money, or any suspension of its collection on account of any flaw in the title to such land. Boyce v. Strother, 76 Va. 863.
Sale in Gross. — Though a tract of land was described as containing' ninety acres, it was a sale in gross and not by the acre, and the purchaser is not entitled to an abatement of the purchase price. Jones v. Tatum, 19 Gratt. 730.
4. In Gknkkal — Investment.-—It was held that, an investment in county bonds according to the decree by a commissioner who bought at his own sale, such investment was at the the risk oí the purchaser, and if the bonds were worthless it would be his loss. Howery v. Helms, 20 Gratt. 1.
Error in Decree — Confirmation of Report. — A court of equity will not interfere to give relief to a purchaser under a decree of a court having jurisdiction of the subject, or to his sureties, for errors in the decree, or the proceedings under it, where the report of the commissioners has been confirmed. Worsham v. Hardaway, 5 Gratt. 60.
Purchasers — Party to Suit by Purchase. — Where land is sold nnder decree of court, the purchaser becomes a party to the suit from the time of his purchase, and subjects himself to the orders of the court in all subsequent proceedings. Haymond v. Camden, 22 W. Va. 180.
Purchaser — Auctioneer—Agent.—An auctioneer selling real estate at auction, is the agent of both vendor and purchaser, and his writing, at the time, the name of the purchaser as such, to the written terms of sale binds the purchaser. Walker v. Herring, 21 Gratt. 678.
But he cannot hind the purchaser at auction of real estate, by subscribing his name to the terms of sale, after the sale is completed. Walker v. Herring, 21 Gratt. 678.
A purchaser at a j udicial sale is conclusively held as having notice of all facts touching the rights of others in the property sold, disclosed by the record of the case. Williamson v. Jones. 43 W. Va. 562, 27 S. E. Rep. 411.
Purchaser — Decree—Knowledge of Contents.- — A purchaser under a decree is held to know its contents, and what property or estate he is to acquire. First Nat. Bank v. Hyer, 46 W. Va. 13, 32 S. E. Rep. 1000.
Interlocutory Decree — Deed.—it is not error in an interlocutory decree enforcing a specific execution of a contract against a purchaser, that it does not direct a deed to be made and tendered to him. Goddin v. Vaughn, 14 Gratt. 103.
Encroachment of Street — Notice of. -A purchaser at a judicial sale of a city lot cannot, after his purchase, make the objection that a street encroaches on the lines of the lot where it appears that he had ample opportunity to find out that there was such encroachment. Carneal v. Lynch, 91 Va. 114, 20 S. E. Rep. 959.
Liabiíity of Sureties. — A part of the land devised to •the defendant was sold to the husband of such defendant to pay the testator’s debts and the plaintiffs became sureties on the bonds for the purchase money. The husband defaulted, and a commissioner was appointed to ascertain the amount due on the purchase reported, the amount of the debts of the estate and that the husband was entitled to a balance in the right of his wife. A decree was entered confirming the report, and adjudging that the land be resold, unless the husband pay the debts within a definite time. The money was not paid, and the land was resold with the knowledge of the plaintiffs, for enough to pay the debts of the estate. The defendant subsequently obtained an absolute divorce, and judgment wavS rendered against the plaintiffs for the sum with which the husband had been credited in right of his wife. Held, that the husband, as such, was entitled only to the profits of the balance, in right of his wife, since this sum was impressed with the character of realty, and that the decree was not an adjudication that the plaintiffs were only liable for the amount o f the purchase money. Cleek v. McGuffin, 89 Va. 324, 15 S. E. Rep. 896.
Appeal — Sale after — -Receivers.—Where, after an appeal is allowed, the commissioners sell the lands decreed to be sold, which sale was never confirmed and the decree was afterwards annulled, and the so-called purchasers take possession, appropriate the profits, claim to be treated as receivers and allowed the commissions paid in cash, and compensation for expenses and services in managing the land, it was held, that they were intruders who had no claim to compensation in any way, and were accountable for a fair rent. Strayer v. Long, 83 Va. 715, 3 S. E. Rep. 372.
Appeal — Costs.—The purchaser resisted the decree for a resale, and took an appeal from a former decree in the cause ; he was properly subjected to pay the costs of the proceedings under the rule. Jones v. Tatum, 19 Gratt. 720.
Sale Not within Statute of Frauds. — A judicial sale made under a decree of a court of equity is not within the statute of frauds. It is binding on the bidder or purchaser without any written contract or memorandum signed by him or his agent. Robertson v. Smith, 94 Va. 250, 26 S. E. Rep. 579.
C. THE TITLE THAT PASSES TO THE PURCHASER.
1. Commissioner’s Heed. — A court of equity, in a suit where it is proper to decree or order the execution of any deed or writing, may appoint a commissioner to execute the same; and the execution thereof shall be as valid to pass, release or extinguish the right, title, and interest of the party on whose behalf it is executed, as if such party had been at the time capable in law of executing the same, and had executed it. Va. Code 1887, sec. 3418 ; Code of W. Va. ch. 132, sec. 3.
A deed made by a commissioner to an assignee by deed of the purchaser, passes the whole title and interest in the realty, sold and conveyed, that was vested in the debtor from whence the same was sold by the proceedings in chancery, to such as-signee. Hall v. Hall, 12 W. Va. 1.
It is well settled that, in an adversary proceeding in a court of equity for the sale of land, nothing but the title which is vested in the parties to the suit can be sold ; and the deed made under the decree in such proceeding carries with it only the title of the parties to the suit. Adams v. Alkire, 20 W. Va. 480.
A bond conditioned to convey land of which the obligor had neither title nor possession, passes nothing. And a decree in a cause between the parties, for a conveyance of the land by a commissioner, and his conveyance, passes nothing ,* none of the parties ever having had either title or actual possession. Cales v. Miller, 8 Gratt. 6.
The prayer of the bill being for the sale of the land, and the decree and sale being of the land, and the deed conveying it, the title of all the parties to the suit passed by the deed, though the bill misstates the title, and a bona fide purchaser for value *972 without notice takes the legal title which is not subject to be defeated. Zollman v. Moore, 21 G-ratt. 313.
2. In General. — But where the sale is of such a character, and made under such circumstances, as fully and sufficiently to make known to the purchaser the exact nature of the title he is to expect; as where the sale is made avowedly by an executor under the provisions of the will, or by a sheriff or commissioner under an order of the court, he can of course only demand such title as was in contemplation of the parties when the sale was made. Goddin v. Vaughn, 14 Gratt. 102.
It is a general rule, that a court of equity ought not to decree a sale of an equitable title in land, but if a decree for the sale of land be proper, it should first direct the legal title to be perfected, and then decree a sale of that. Goare v. Beuhring, 6 Leigh 585.
Time to Perfect Title. — A court of equity has at least as large a discretion in giving time to perfect the title in cases of sales under its decree as in cases of purchasers under private contracts. Daniel v. Leitch, 13 Gratt. 195.
Objection to Title-Question of Law. — Where the facts are all before the court, and the objection to the title to land purchased is a question of law, it is unnecessary to refer the title to the commissioner. Goddin v. Vaughn, 14 Gratt. 103.
Reference. — it is not the universal rule in Virginia to refer to a commissioner to report on the title, though such reference may be proper where the title is doubtful or obscure or depending upon matters in pais. Thomas v. Davidson, 76 Va. 338.
Sale of Property Not Authorized to Be Sold — Title.— A sale, under a decree, of property which it does not authorize to be sold, or excepts from sale, passes no title to such property, and is void. First Nat. Bank v. Hyer, 46 W. Va. 13, 32 S. E. Rep. 1000.
Titles — Rule.—Upon the grounds of public policy the courts have established the rule that bona fide purchasers at judicial sales, upon proceedings regular upon the face of the record of a court of competent jurisdictiQn, will be protected against mere errors of the court, and secret vices in the proceedings, which can only be made to appear by outside testimony. Marrow v. Brinkley, 85 Va. 55, 6 S. E. Rep. 605.
Relief for Defects in Title by Resisting Confirmation. —A purchaser of land at a judicial sale, can only obtain relief for defects in th e title, or incumbrances on the property, by resisting the confirmation of the sale by the court, upon the return of the commissioner’s report. And it is not competent for a court of equity to enjoin a judgment obtained against him for the purchase money, on the ground of defect of title to the property at the time of the purchase. Threlkelds v. Campbell, 2 Gratt. 198. -
After Confirmation — Title,—A purchaser of land under a decree of a court of chancery, after confirmation of the sale by the court, is the equitable owner of such land, subject to be compelled to comply with the contract by paying the purchase money. Hurt v. Jones, 75 Va. 341.
Cloud on Title. — Where one part of the land sold at a commissioner’s sale under a decree of court, and the purchaser had'paici all of the purchase money, he was entitled to a deed, but it had not been made. This was held not to be a cloud upon the title which would avoid the sale. Hudgins v. Lanier, 23 Gratt. 494.
Confirmation — Objections to Title. — The general rule in Virginia is, that obj ections made by the purchaser for defect of title should be made before the sale is confirmed by the court, and such objections made afterwards come too late, except in cases of after-discovered mistake, fraud and the like. Thomas v. Davidson, 76 Va. 338; Watson v. Hoy, 28 Gratt. 698, and note; Karn v. Rorer Iron Co., 86 Va. 754, 11 S. E. Rep. 431; Insurance Co. v. Cottrell, 85 Va. 857, 9 S. E. Rep. 132; Talley v. Starke, 6 Gratt. 339; Berlin v. Melhorn, 75 Va. 639; Hyman v. Smith, 13 W. Va. 773. See Long v. Weller, 29 Gratt. 353; Hickson v. Rucker, 77 Va. 139; Redd v. Dyer, 83 Va. 331, 2 S. E. Rep. 283; Williams v. Blakey, 76 Va. 255.
Deed — Warranty.—A party purchases land from a special commissioner appointed by the court, and his purchase is confirmed before the deed is made to him. He executes a power of attorney to such special commissioner authorizing him to sell this land for him, and the special commissioner does so signing the written contract agreeing to convey the land to the purchaser upon the payment of the whole of the purchase money, signing as special commissioner and attorney in fact of the first purchaser. It was held the true meaning of such contract was that the sub-purchaser took a deed from the special commissioner with the assent of the first purchaser, and therefore he is in such case only entitled to a deed with special warranty of title. Tavenner v. Barrett, 21 W. Va. 656.
Uncertainty of Title. — Purchasers under decree should not be required to take or pay for property where it had been sold three times without an account of liens having been taken and the title is uncertain. Etter v. Scott, 90 Va. 762, 19 S. E. Rep. 776.
Irregularities — Title.—The failure of a purchaser at a j udicial sale to take a deed from the commissioner and to give deed of trust for deferred payments, is irregular but does not vitiate the' title. Whitlock v. Johnson, 87 Va. 323, 12 S. E. Rep. 614.
Title Should Be Protected. — it is necessary that the title of a purchaser at a judicial sale should be protected, in order that the property may bring a fair price. Gapehart v. Dowery, 10 W. Va. 130.
Time to InvestigateTitle. — The purchaser at a commissioner’s sale to whom property is knocked down to is not entitled to any time to investigate the title before complying with the terms. Hildreth v. Turner, 89 Va. 858, 17 S. E. Rep. 471.
Title — Parties.—A decree for the sale of land where .the owner is not a party to suit, is a nullity and passes no title to the purchaser. Underwood v. McVeigh, 23 Gratt. 409.
Estoppel — Acquiescence.—A person who causes his land to be sold for some purpose of his own, under a judicial proceeding which turns out to be void, and receives and retains the proceeds of sale, cannot afterwards be heard to question its validity. He has made his election. If such person afterwards stands by and sees the purchaser expend large sums in developing oil on the property, he may not after-wards set up such defect in the purchaser’s title; he is estopped. Williamson v. Jones, 39 W. Va. 231, 19 S. E. Rep. 436.
3. Effect upon Reversal of Decree. — If a sale of property be made under a decree or order of a court, after six months from the date thereof, and such sale be confirmed, though such decree or order be afterwards reversed or set aside, the title of the purchaser at such sale shall not be affected thereby; but there may be restitution of the proceeds of sale to those entitled. Va. Code of 1887, sec. 3425.
And by the Code of West Virginia, it is provided that “if a sale of property be made under a decree *973 or order oí a court, and such sale "be confirmed, though such decree or order he afterwards reversed or set aside, the title of the purchaser at such sale shall not be affected thereby ; but there may be a restitution of the proceeds of sale to those entitled.” Oh. 133. § 8.
In construing- the above statute this court has determined, that, if before thé confirmation of a sale the report of sale be excepted to, on the ground that the decree ordering the sale is erroneous, and it clearly appears to the court, that the sale of the land was materially affected thereby, and that it brought materially less than it otherwise would have brought by reason of this error in the decree of sale, the court should refuse to confirm the sale ; and if it be confirmed, the appellate court will reverse the decree confirming the sale as well as the decree ordering the sale. Tracey v. Shumate, 22 W. Va. 500 ; Trimble v. Herold, 20 W. Va. 602.
The title of a purchaser of property under a decree or order will not fall with its reversal or setting aside ; he not being a party, and all persons holding an interest in the land sold being parties. Frederick v. Cox (W. Va.), 34 S. E. Rep. 958.
A purchaser, under an execution issued on a judgment which is afterwards reversed, shall not have his title impeached ; but the injured party shall be restored to the money arising from the sale. Burnley v. Lambert, 1 Wash. 308.
Reversal of Decree — Absence of Parties. — But a purchaser at a judicial sale is not protected upon reversal of the decree by section 8, ch. 132, of the Code, when the record shows that necessary parties Interested in the land sold, having liens thereon, were not parties when the sale was ordered and confirmed. So when a trustee holding the legal title to the land is not a party. Turk v. Skiles, 38 W. Va. 404, 18 S. E. Rep. 561; Peck v. Chambers, 44 W. Va. 270, 28 S. E. Rep. 706 ; Calvert v. Ash (W. Va.), 35 S. E. Rep. 887 ; Underwood v. Underwood, 22 W. Va. 308 ; Capehart v. Dowery, 10 W. Va. 130 ; Buchanan v. Clark, 10 Gratt. 164. See also, where the court had no j urisdiction to decree a sale, Hull v. Hull, 26 W. Va. 1, 30.
4. Caveat Emptor. — Caveat emptor applies to a purchaser at a judicial sale. Calvert v. Ash (W. Va.), 35 S. E. Rep. 887 ; Young v. McClung, 9 Gratt. 359 ; Redd v. Dyer, 83 Va. 331, 2 S. E. Rep. 283 ; Sexton v. Patterson, Va. Law J. 1884, p. 72; Smith v. Wortham, 82 Va. 937, 1 S. E. Rep. 331; Hickson v. Rucker, 77 Va. 135; Long v. Weller, 29 Gratt. 347 ; Boyce v. Strother, 76 Va. 862.
The rule caveat emptor applies to a purchaser at a judicial sale, and even if, after confirmation of the sale by the court, he finds that the title he will procure will be worthless, he cannot be relieved from the payment of the purchase price. Capehart v. Dowery, 10 W. Va. 130.
D.RIGHT OF POSSESSION — Where real estate has been sold under a decree in a cause, and the sale has been confirmed, the purchaser is entitled to the possession of the property, even though the decree confirming the sale does not direct possession to be delivered to him. Hudgins v. Marchant, 28 Gratt. 177 ; Whitlock v. Johnson, 87 Va. 329. 12 S. E. Rep. 614.
If an appeal in the cause has been obtained and perfected before the possession of the property is obtained by the purchaser, he is not entitled to have possession. But if possession is obtained before the appeal is perfected, the purchaser is entitled to retain it until the case is decided in the appellate court. Hudgins v. Marchant, 28 Gratt. 177.
Where a sale of land under a decree was made and confirmed and the purchase money paid, but there was no deed, and the former owner’s heirs remained in possession, it was held that the statute of limitations did not begin to run against the purchaser until the heirs made a distinct disavowal of his title and their assertion of adverse claim is brought home to him. Whitlock v. Johnson, 87 Va. 323,12 S. E. Rep. 614 ; Creekmur v. Creekmur, 75 Va. 436.
The purchaser of property at a judicial sale, which before confirmation thereof has been set aside by a subsequent decree directing the property to be reoffered for sale, cannot appeal from such decree, before such resale has been confirmed.
A decree setting aside a judicial sale, which has not been confirmed, and directing the property to be reoffered for sale is not a decree, “which requires the title or possession of the property tobe changed,” within the meaning of the seventh clause of the first section of chapter 135 of the Code of W. Va., as amended by chapter 157 of Acts of the Legislature of 1882 (p. 535). Childs v. Hurd, 25 W. Va. 530.
E. DEPRECIATION OF PROPERTY BETWEEN SALE AND CONFIRMATION. — In Heywood v. Cov-ington, 4 Leigh 373, Tucker, P., says: “If the mill and mill dam were materially injured by freshes, after the sale and before the report of sale was confirmed, I should think, upon the authorities, that the loss should not fall upon the vendee, provided there was no fault in him. ” See also, Taylor v. Cooper, 10 Leigh 317 ; Cocke v. Gilpin, 1 Rob. 20.
The court will not compel the purchaser to take land by confirming the sale, where by the acts of the parties to the suit, action on the report of a sale by the court in confirming the same has been delayed for such an unreasonable time, that confirmation of the sale would most probably cause him loss, if the purchaser is not in default, or guilty of laches or fraud or the like, and has not acquiesced in such delay, as where it appears that during the unreasonable time of delay the property has depreciated in value. Hyman v. Smith, 13 W. Va. 744.
F. PAYMENT TO UNBONDED COMMISSIONER. —Where a commissioner fails to give the bond required by the statute, he has no authority to receive the purchase money ; and the purchaser is responsible to the party who is entitled to the proceeds of such sale. The statute. Code 1873, ch. 174, § 1. is imperative that a bond shall be given, and it is the duty of the purchaser at a judicial sale to see that the bond has been given before he pays the money to the commissioner, or he does it at his own risk. Hess v. Rader, 26 Gratt. 746 ; Eggleton v. Whittle, 84 Va. 163, 4 S. E. Rep. 222 ; Eggleton v. Dinsmore, 84 Va. 858, 6 S. E. Rep. 146 ; Tyler v. Toms, 75 Va. 116 ; Lloyd v. Erwin, 29 Gratt. 598, and note ; Donahue v. Fackler, 21 W. Va. 124 ; Lee v. Swepson, 76 Va. 173 ; Whitehead v. Bradley, 87 Va. 676, 13 S. E. Rep. 195 ; Woods v. Ellis, 85 Va. 471, 7 S. E. Rep. 852; McAllister v. Bodkin, 76 Va. 815; Boisseau v. Boisseau, 79 Va. 79 ; Lamar v. Halc, 79 Va. 163.
The court is of opinion that although no bond was given by the commissioner, before he proceeded to collect the purchase money for the land, yet inasmuch as he was authorized by the decree to collect the money as it fell due and to pay it to the receiver of the court, in the event of the refusal of the parties to receive it; and the money having been paid by the purchasers, and the money having been paid into bank by the commissioner in consequence of *974 the refusal of the parties to receive it, and the said fund having' been lost without default of the commissioner, the purchasers cannot be in any way prejudiced by his failure to execute the bond required by law. Per Staples, J., Dixon v. McCue, 21 Gratt. 373. See also, Thomson v. Brooke, 76 Va. 160.
Publication of Certificate of Clerk. — Defendants purchased land at a sale by special commissioners pursuant to an advertised notice, to which was appended a certificate of the clerk of court that they had given the proper bond. One of the commissioners was subsequently appointed receiver to collect the proceeds of sales, rents, etc., on giving a specified bond. Defendants, without notice of such appointment, paid the price to such receiver, who failed to account therefor, or to give the receiver’s bond. Held, under Acts 1883-84, p. 213, providing that when any special commissioner authorized to sell land shall publish with the notice of sale a certificate of the clerk of court that he has given the bond required, a purchaser shall be relieved from all liability for the purchase money paid to such commissioner, unless another person has been appointed to receive the same, of which the purchaser has due notice, defendants were not affected by the receiver’s failure, since they paid to him as a commissioner who made the sale. Pulliam v. Tompkins (Va.), 39 S. E. Rep. 221; Code of Va. 1887, §§ 3397, 3398; Whitehead v. Bradley, 87 Va. 676, 13 S. E. Rep. 195.
Right of Purchaser against. — Where a commissioner receives the purchase money without authority he is liable to the purchaser for the amount so paid. Tyler v. Toms, 75 Va. 116.
G. WHO MAY NOT PURCHASE — COMMISSIONERS. — The law is well settled in this state that the same person cannot occupy the antagonistic positions of seller and purchaser of the same subject. And if a person selling land as a commissioner of the court, becomes himself the purchaser, or has any understanding at the time of the sale that he is to have any interest in the purchase of the land sold by him, the sale will be held voidable and set aside at the election of any party interested in the land. Ayers v. Blair, 26 W. Va. 562; Winahs v. Winans, 22 W. Va. 678; Newcomb v. Brooks, 16 W. Va.32; Howery v. Helms, 20 Gratt. 1; Bailey v. Robinsons, 1 Gratt. 4; Davies v. Hughes, 86 Va. 909, 11 S. E. Rep. 488.
But, upon the failure of the purchaser to pay the purchase money there was a decree appointing a commissioner to resell and the commissioner by arrangement with the purchaser became the purchaser. This was reported to the court and it was approved and confirmed. It was held that the fact that the commissioner was appointed to sell the land did not avoid his purchase from the first purchaser, and the parties having all that they were entitled to claim cannot object. Hurt v. Jones, 75 Va. 341.
One who cries a sale cannot property act for himself, or any other person in biddingfor the property. Hilleary v. Thompson, 11 W. Va. 113.
Attorney. — An attorney, without his client’s consent, cannot purchase for his own benefit any property of the defendant sold under execution, unless he gives for it an amount equal to the whole of the judgment; and without such consent he cannot purchase for his own benefit his client’s property sold at a judicial sale. Nor can the fiduciary make a valid purchase of trust property though made at a public judicial sale under the decree made in an adverse proceeding. Such purchase may be avoided at the option of any party to whom he holds such fiduciary relations. Newcomb v. Brooks, 16 W. Va. 32.
Executors. — Where a decree ordered a public sale, but it was made privately, and also ordered enough land sold to pay certain debts but more was sold than necessary, and where the executor, who brought the suit and by his own counsel managed it, was in fact the purchaser, though but a nominal bidder, it was held that he could have no protection in the purchase. Peirce v. Graham, 85 Va. 227, 7 S. E. Rep. 189; Quarles v. Lacy, 4 Munf. 251.
Frauds upon Rights of Owners. — The commissioner having become the purchaser under a judicial sale it was held that the non-resident co-parceners could set the sale aside, even though it had been confirmed, by an informal bill on the grounds of fraud upon their rights. Howery v. Helms, 20 Gratt. 1.
H. PURCHASERS BY ESTOPPEL — A purchaser at a judicial sale becomes a quasi party to the suit. If the purchaser stands by and suffers the sale to himself to be confirmed and makes no objection, and also a sale to another and makes no complaint until the land has been conveyed to a third person, he will not be allowed to ask for the correction of a mistake, certainly as to such third party. Shirley v. Rice, 79 Va. 442; Young v. McClung, 9 Gratt. 336.
Where one acquiesces in proceedings treating him as purchaser he is estopped to deny that he is a purchaser at a judicial sale. Robertson v. Tapscott, 81 Va. 533.
XXIV. RESALE.
(1) Enforcement of Lien Retained for Purchase Price —Procedure.—Where a judicial sale is confirmed, and the court directs the commissioner to convey the land to the purchaser, retaining in the deed a lien for the purchase money, and such conveyance is made, and the purchaser sells the land and conveys it to a third party, and such third party sells and conveys to others, and the purchaser from the commissioner fails to pay the balance of the purchase money, the lien should be enforced by original bill, if the original cause is ended, or if still pending for any purpose, by supplemental bill filed in such cause. Glenn v. Blackford, 23 W. Va. 182.
Where land is resold because the commissioner was purchaser, the usual and proper course is to offer the property at an upset price, to be fixed by the decree, according to the cases of Buckles v. Lafferty, 2 Rob. 292, and Bailey v. Robinsons, 1 Gratt. 4. But this rule is intended for the protection of the parties who elect to avoid the first sale; and where the decree for resale directed a sale in general terms, without fixing an upset price, it cannot be assigned as error in the appellate court, either by the original purchaser, or by any party who has elected to affirm the first sale. Howery v. Helms, 20 Gratt. 1.
Land is sold under a decree of the court of equity and the title is retained, and bonds with personal security are taken, and, as additional security, col-laterals are assigned by the purchaser to the commissioner. It is not error, in such case, for the court to decree a re-sale of the land within a certain time unless such purchase money shall be paid, without first exhausting the bonds and collateral; especially where the commissioner has reported that the collaterals cannot be made except by suit. Mosby v. Withers, 80 Va. 82.
(2) Rule to Show Cause. — A judicial sale of land is *975 partly on credit, and the purchaser pays the cash payment and executes his bonds with security for deferred payments, and the sale is confirmed by the court. When the bonds become due the purchaser fails to pay them. He may be proceeded against by rule made upon him to show cause why the land shall not be sold for the payment of the purchase money: and upon that proceeding- a decree may be made for the sale of the land. Clarkson v. Read, 15 Gratt. 288; Gross v. Pearcy, 2 P. & H. 483; Thornton v. Fairfax, 29 Gratt. 609, and note; Jones v. Tatum, 19 Gratt. 720; McOlintic v. Wise, 25 Gratt. 448; Long v. Weller, 29 Gratt. 347. and note; Williams v. Blakey, 76 Va. 254: Hickson v. Rucker, 77 Va. 135; Hurt v. Jones, 75 Va. 341; Marling v. Robrecht, 13 W. Va. 440.
If one becomes a purchaser at a judicial sale, and fails to complete his purchase as required by the decree, he is liable for the difference between the amount of his bid and the sum released at a second sale; but, to hold him liable, the sale must be reported and the rule awarded and served upon him to show cause why he should not complete his purchase, or, in default, the property be resold at his expense, and at the risk of liability for any difference between the sum for which he agreed to purchase and the sum realized on the resale. Stout v. Philippi, etc., Co., 41 W. Va. 339. 23 S. E. Rep. 571; Robertson v. Smith, 94 Va. 250, 26 S. E. Rep. 579; Hurt. v. Jones, 75 Va. 341.
Where a purchaser is in default, and a resale is ordered upon a rule to show cause why such resale should not be had, the case is not within section 3425 of the Code, for the property is sold as the property of the purchaser whose title is not affected by such resale. Whitehead v. Bradley, 87 Va. 676, 13 S. E. Rep. 195.
There was a decree approving guardian’s account, and directing among other things that certain money be deposited in bank, which could be withdrawn only on the order of the court, and how costs up to date of sale should be paid. Held, not too late for rules against purchasers of infant’s property, sold under decree and purchase money paid to unbonded commissioners, to show cause why said property should not be resold. Whitehead v. Bradley, 87 Va. 676, 13 S. E. Rep. 195.
Though no rule was served on the purchaser in this case, he had notice of the proceeding, and came forward to show cause in his own chosen way. There was no need, therefore, for a rule. Thornton v. Fairfax, 29 Gratt. 669.
Rule to Show Cause — Return.—Where the purchaser is in default in paying the purchase money, and a rule is issued requiring him to show cause why the land should not be resold, the objection that the rule is made returnable to the same term at which it is issued, is of no effect, provided there was given sufficient time to answer the rule. Boyce v. Strother, 76 Va. 862.
Day to Redeem. — Where a judicial sale of land is made upon a credit, and the title retained as a security, upon a rule against the purchaser to show cause why the land should not be resold for his failure to pay the purchase money, before making a decree for the sale, the court should ascertain how much of the purchase money is due, and should in the decree give him a day in which to pay it, and if not paid in that time the commissioner is to sell. Whether the whole or part is to be sold is left to the discretion of the court. Long v. Weller, 29 Gratt. 347, and note; Whitehead v. Bradley, 87 Va. 676, 13 S. E. Rep. 195.
(3) In General.
Account of Liens. — And it is error for the court to order a resale of the land, if the facts, then appearing in the cause, show the existence of liens, the amounts and priorities of which have not been ascertained and fixed. In such case the court should set aside the former decree of sale and refer the cause to a commissioner or otherwise determine the amounts and priorities of the liens before ordering a resale. Paync v., Webb, 23 W. Va. 558.
Terms — Where a judgment debtor bought his own land at a sale under a decree in a creditor’s suit against him, and failed to pay the purchase money, it was held not to be inequitable under sec. 3397 of the Code, to decree a resale on terms of one-fourth cash and balance in one, two, and three years. Dickinson v. Clement, 87 Va. 41, 12 S. E. Rep. 105.
But it is clearly erroneous, to decree a resale under such a rule where the purchaser has complied, with the terms of the sale, and there is no necessity for a speedy collection of the purchase money, no proof of any default in the payment of the bonds, no suggestion or proof of the insolvency of the purchaser or his sureties. The proper course is to order the collection of the bonds by suit, if not paid without. Gross v. Pearcy, 2 P. & H. 483.
A resale of certain property was decreed for default in payment of the purchase price for which the surety of the purchaser was bound. The surety contracted with certain persons who had interest in the property to buy it, and form a joint stock company to manage it. To this company as the purchaser the sale was made, reported and confirmed, and a conveyance made; and the contract being before the court with the report of sale the surety was treated as agent of the company and was not personally liable. Frazier v. Hendren, 80 Va. 265.
Sale for purchase money will not be decreed where the property remains encumbered for purchase money due from plaintiff, without providing for discharge of such encumbrance. Yost v. Porter, 80 Va. 855.
Rights of Purchaser upon Resale. — The purchaser might have moved the court for leave to answer the petition of the owner; or he might have filed a supplemental bill, or an original bill in the nature of a supplemental bill, and put the matters in issue on which he relied. Thornton v. Fairfax, 29 Gratt. 669.
Deed Obtained by Fraud — Estoppel.—Where a commissioner is induced to execute the deed conveying the property to the purchaser, by purchaser’s fraud or wilful misrepresentation, or by misrepresentation upon an honest mistake of fact as to the payment of purchase money, such purchaser cannot rely upon the deed as an estoppel, but may be proceeded against by rule to have the deed annulled and the property subjected to sale. Williams v. Blakey, 76 Va. 254; Koon v. Snodgrass, 18 W. Va. 320.
XXV. RIGHTS OF TENANTS — PROTECTION OF INTEREST.
The decree for the sale of land to satisfy a judgment without first enquiring into and protecting the interest of a tenant in possession under a release made prior to the judgment, is erroneous. Moore v. Bruce, 85 Va. 139, 7 S. E. Rep. 195. See Crews v. Pendleton, 1 Leigh 297.
XXVI. APPEAL.
A. WHO MAY APPEAL.
Non-Resident Party — Security-Failure to Except in Lower Court. — A non-resident party, against whom *976 a decree lias been rendered upon order of publication., Raving appeared and filed bis answer in tbe circuit court stating in bis answer grounds of error, and praying that tbe court set aside the proceedings bad against him wbicb tbe court upon bearing refused to do, such party may appeal to this court from the decree so refusing to correct such error, without baying first filed a formal petition for a rehearing of tbe cause, and giving tbe bond required by tbe statute. Since there was no objection made .in tbe circuit court to bis filing bis answer or tbe want of such formal petition and security for cost, no objection will be allowed for tbe want of such petition for tbe first time in tbe appellate court. Haymond v. Camden, 22 W. Va. 180.
From refusal to confirm sale and order for resale, any party may appeal and to refuse suspension of tbe decree is error, but this court will not reverse tbe decree for such error when it is right on its merits. Todd v. Gallego Mills, etc., 84 Va. 586, 5 S. E. Rep. 676.
B. WHO CANNOT APPEAL. — Where a person who bid at a judicial sale of land and refused to comply with the terms of sale, and at a resale, attempted to bid through an agent in disregard of the terms of sale, it was held that such person has no standing to appeal from a decree confirming tbe sale to another person. Hildreth v. Turner, 89 Va. 858, 17 S. E. Rep. 471.
One not a formal party cannot appeal, though affected as a pendente lite purchaser. Stout v. Philippi, etc., Co., 41 W. Va. 339, 23 S. E. Rep. 571.
C. IN GENERAL.
Review. — Issues not determined by tbe circuit court will not be considered by this court on appeal. Woods v. Campbell, 45 W. Va. 203, 32 S. E. Rep. 208.
Circuit Court — Duty of Such Court. — circuit courts are - bound to obey tbe decrees of the appellate court in all cases. Where, on appeal, tbe appellate court prescribes the order in wbicb property must be sold wh¿n a decree for sale was made, tbe circuit cburt, in its decree of sale, must conform to that order; otherwise its decree will be reversed for violation to comply with the order of the appellate court. Strayer v. Long, 83 Va. 715, 3 S. E. Rep. 372.
Appeal — Appointment of Receiver. — After a decree for tbe sale of real estate to satisfy creditors having liens thereon, and an appeal from that decree by ■ the debtor, tbe court below in which the suit was pending, may appoint a receiver to take possession of the property and rent it out, and collect the rents, until tbe further order of the court, etc. Moran v. Johnston, 26 Gratt. 108.
What Considered on Appeal. — If tbe copies of tbe advertisement posted by tbe commissioner of the court to rent tbe property in such case are in no wise referred to in bis report, or in the decree of sale subsequently made, they will not, though copied into the record, be considered as part thereof on appeal. Mustain v. Pannill, 86 Va. 33, 9 S. E. Rep. 419.
Jurisdiction of Appellate Court. — Where a purchaser at a judicial sale was compelled to pay a second time a part of tbe purchase money because the special commissioner failed to" give a required bond, and his failure to pay over money collected, tbe jurisdiction of this court to bear tbe appeal of the purchaser depends upon tbe amount of the defalcation, and not on the amount of bis official bonds. Duffy v. Piggat, 80 Va. 664.
XXVII. CONFIRMATION.
A. EFFECT. — It is well settled that a sale made by a commissioner under a decree in a court of equity is not an absolute sale, and does not become such, until it is confirmed by the court, and that until this has been done, tbe purchaser has no fixed interest in tbe subject of tbe sale. Childs v. Hurd, 25 W. Va. 533; Hartley & Co. v. Roffe, 12 W. Va. 401; Cooke v. Gilpin, 1 Rob. 39; Crews v. Pendleton, 1 Leigh 297; Heywood v. Covington, 4 Leigh 373; Taylor v. Cooper, 10 Leigh 317; Hudgins v. Marchant & Co., 28 Gratt. 177; Kable v. Mitchell, 9 W. Va. 492; Arnold v. Casner, 22 W. Va. 446; Anderson v. Davies 6 Munf. 486.
Where commissioners appointed by a court of equity to make a sale of lands execute a deed to tbe purchaser, although they were not directed to make a conveyance by the decree appointing them, and tbe deed is afterwards by a final decree of the court confirmed, tbe order of confirmation relates back to tbe time of this date so as to invest the purchaser therein with the legal title to the land. Evans v. Spurgin, 6 Gratt. 107; Cale v. Shaw, 33 W. Va. 299, 10 S. E. Rep. 637; Taylor v. Cooper, 10 Leigh 307; Hman v. Smith, 13 W. Va. 744.
Irregularities Cured. — Subsequent confirmation is equivalent to previous authority, it cures departures from tbe terms prescribed, and supplies all defects in tbe execution of the decree, except those founded on lack of j urisdiction. It makes the sale the court’s own act, and renders it no longer an executory contract, but executed. Langyher v. Patterson, 77 Va. 470; Core v. Strickler, 24 W. Va. 689; Estill v. McClintic, 11 W. Va. 400; Daniels v. Leitch, 13 Gratt. 195; Cralle v. Meem, 8 Gratt. 496; Garland v. Loving, 1 Rand. 396; Robertson V. Smith, 94 Va. 250, 26 S. E. Rep. 579.
Though there be error in the amount decreed to.be due from principal and surety, for the non-payment of which the principal’s land was ordered to be sold, still the appellate court will not, after confirmation of the sale, set aside such sale, or the decree ordering the sale, even though the sale was made immediately after the rendition of the decree of sale; but it would simply correct tbe error, by allowing to the principal and surety credit for the amount of the error on tbe balance due from them. Camden v. Haymond, 9 W. Va. 680.
A court of equity will not interfere to give relief to a purchaser under a decree of a court having jurisdiction of tbe subject, or to his sureties, for errors in the decree, or the proceedings under it, where the report of the commissioner has been confirmed. Worsham v. Hardaway, 5 Gratt. 60.
B. DISCRETION OF THE COURT — Whether a court will confirm a sale made by commissioners under its decree, must, in a great measure, depend upon the circumstances of each case. It is difficult to lay down any rule applicable to all cases; nor is it possible to specifiy all the grounds which will justify the court in withholding its approval. If there is reason to believe there has been fraud or mistake has been commited to the detriment of the owner or the purchaser or that the officer conducting the sale has been guilty of any unfair dealing, the court will withhold a confirmation of the sale. And either parts' may object to tbe report of tbe commissioner. The court in acting upon a report of sale, does not exercise an arbitrary, but a sound legal discretion in tbe interests of fairness and prudence, and with a just regard to the in *977 terests of all concerned. Brock v. Rice, 27 Gratt. 812, and note.
See following- cases holding that it is within the sound discretion of the court in setting- aside or ■confirming a sale. Thomas v. Bank. 86 Va. 292, 9 S. E. Rep. 1122; Todd v. Gallego, etc., 84 Va. 590, 5 S. E. Rep. 676; Coles v. Coles, 83 Va. 527; Terry v. Coles, 80 Va. 695; Efiinger v. Henry. 79 Va. 551; Hickson v. Rucker, 77 Va. 138; Langyher v. Patterson, 77 Va. 470; Hansucker v. Walker, 76 Va. 753; Berlin v. Melhorn, 75 Va. 639; Redd v. Jones, 30 Gratt. 128; Roudabush v. Miller, 32 Gratt. 454; Hartley v. Roffe, 12 W. Va. 401; Marling v. Robrecht, 13 W. Va. 440; Hilleary v. Thompson, 11 W. Va. 113; Beaty v. Veon, 18 W. Va. 291; Brock v. Rice, 27 Gratt. 812; Carr v. Carr, 88 Va. 735, 24 S. E. Rep. 368; Roberts v. Roberts, 13 Gratt. 639; Hyman v. Smith, 13 W. Va. 744; Moran v. Clark, 30 W. Va. 358. 4 S. E. Rep. 303; Hughes v. Hamilton, 19 W. Va. 366.
Affidavits— Depositions — Reference to a Commis= sioner. — Upon the question of confirmation of a judicial sale either party may be allowed to read ex parte affidavits. But it is within the discretion of the trial court to require depositions to be taken, or refer the matter to one of its commissioners. Robertson v. Smith, 94 Va. 250, 26 S. E. Rep. 579.
C. WHO MAY OBJECT. — A decree of confirmation founded on a false report of sale made may be impeached by an interested party guiltless of culpable fraud or neglect. Springston v. Morris (W. Va.), 34 S. E. Rep. 766.
A joint principal in some of the debts for which the land is sold, though owning no part of the land, may object to the confirmation of the sale, when the proceeds are insufficient to pay all of the debts. Thomas v. Nat. Bank, 86 Va. 291, 9 S. E. Rep. 1122.
Until confirmation, ajudicialsale is an incomplete bargain. Whether the court will confirm the sale must depend in a great measure upon the circumstances of each case. Either party may object; and the purchaser becomes a party to the suit and may have any mistake corrected by the court. Carr v. Garr, 88 Va. 735. 14 S. E. Rep. 368; Brock v. Rice, 27 Gratt. 812; Hartley v. Roffe, 12 W. Va. 410.
According to the Virginia practice upon objection to the sale of land made by the commissioner, it is not necessary to ask that the biddings be opened by the offer of a substantial advance upon the price reported. But the court will consider the objection to the sale, and confirm it or set it aside as the merits of the case require. Roberts v. Roberts, 13 Gratt. 639.
But if the sale be made and reported, a petition, filed by those who were not parties to the suit and setting up a vague and indefinite interest in the land and praying that the sale be not confirmed, should not be entertained, but the petitioners should beleft to litigate their rights in some otherproceed-ing. Thomas v. Thomas, 81 Va. 17.
Notice of Motion to Confirm. — -Only two days’ notice was given the owner, of land sold for the payment of his debts, that a motion would be made for confirmation of the sale. Held', these facts are not sufficient to justify the setting aside of the decree confirming the sale. Allison v. Allison, 88 Va. 328, 13 S. E. Rep. 519.
D. WHEN WITHHELD — Where there is reason to believe that fraud or mistake has been committed to the detriment of the owner or purchaser, or that the ofiicer conducting the sale has been guilty of any wrong or breach of duty to the injury of the parties interested the court will withhold a confirmation of the sale. Brock v. Rice, 27 Gratt. 812; Hartley v. Roffe, 12 W. Va. 401 ; Hilleary v. Thompson. 11 W. Va. 117.
A court of equity, will not, where the facts are known to it, confirm a sale where the bidder has sold his bid at an advance unless the advance inures to the benefit of the parties to the suit. If the commissioner who made the sale knows of a resale by the bidder at an advance price, it is his duty to report it to the court. He is the mere agent of the court, and should give it all information in his possession that can affect the confirmation of the sale. Camp v. Bruce, 4 Va. Law Reg. 743, 98 Va. 521, 31 S. E. Rep. 901.
Auctioneer. — An auctioneer or crier, making a sale cannot properly act for himself or any other person in bidding for the property, and the court will not confirm it, though the commissioner is blameless. Brock v. Rice. 27 Gratt. 812.
Inadequacy of Price. — While no test of inadequacy applies to all cases and the court is averse to refuse to confirm a sale on the mere grounds of inadequacy, yet it will always do so where the inadequacy is so gross as to amount to a sacrifice of the property. Coles v. Coles, 83 Va. 525, 5 S. E. Rep. 673.
Resale. — Where land is decreed to be sold to pay specific legacies, and the rest to go to four residuary legatees, and the land is bid in by one of those legatees, and the other legatees oppose the acceptance of the bid and the confirmation of the sale, and show by witnesses that though the sale was open and fair, yet the price bid was grossly inadequate, and that the land if divided and sold in parcels would, on the usual terms of payment in such cases, bring two or three times the price bid, there was no error in the court in rejecting the bid and refusing to confirm the sale and ordering a resale. Terry v. Coles, 80 Va. 695.
E.IN GENERAL. — A party enters into a verbal contract for the purchase of land from a commissioner of the court, who was authorized to make a private sale oí the land .subject to the confirmation of the court and such party enters upon the land and improves it. but the sale is not reported nor any part of the purchase money paid, and he then by a written contract, without warranty, sells his claim and improvements upon the land to a third person, stating therein that the title is outstanding, but makes no reference to his verbal purchase. More than ten years after the sale of his claim he buys the same land from the commissioner by a written contract, and thereafter the assignee of the person to whom he sold his claim purchases from the commissioner a part of the land with full notice of the written contract of purchase by said party and obtains from the commissioner a deed for such part, neither o C the said sales having been confirmed by the court. Held, that the last purchase by said party is valid and he is entitled to the land as against said assignee of the person to whom he sold his claim, and his purchase should be confirmed by the court. Kent v. Watson. 22 W. Va. 561.
Proper in This Case. — A report of liens was returned and confirmed without exception and a sale was decreed. Then further account of liens was j ordered.
I The sale was afterwards made at an unusually ■ high price, and, without exception from any creditor, j it was confirmed but no distribution was ordered. | It was not claimed by the judgment debtor that a higher price could be got at a second sale.
*978 The amount of liens was greatly in excess of the pr.ice obtained. Held, the sale was properly confirmed though, the further account of liens remained un-taken. Utterbach v. Mehlenger, 86 Va. 62, 9 S. E. Rep. 479.
Lunatics’ Lands. — Where the committee of a female lunatic institutes a suit under Code 1873, ch. 124. to sell her contingent estate in lands, and conducts it in the proper manner, and against the proper parties, and adduces the proper evidence, in every respect in accordance with the requirements of the statute, and in his bill he presents the bids of certain parties who already owned other contingent interests in the same lands, and the court, deeming that the interests of the lunatic will be promoted and the rights of no one will be violated by the sale of her said contingent estate, decrees that the proposed sales be confirmed at the said bids, and the said estate of the lunatic therein be conveyed to the said bidders. It was held that the sale is lawful. Palmer v. Garland, 81 Va. 444.
Sale — Immaterial Error. — The court has decided that, where land is purchased at a judicial sale by a stranger to the suit, the court will not refuse to confirm the sale because of an error in the decree ordering the sale, unless such error did have the effect of causing the lands to sell for materially less than they would have otherwise brought; but, that the court would set aside the sale for such error when the record clearly showed that the lands sold for materially less then they otherwise would, on account of such error. Martin v. Smith, 25 W. Va. 585; Hughes v. Hamilton, 19 W. Va. 368; Trimble v. Herold, 20 W. Va. 602.
Commissioner’s Deed — Direction to Execute. — Where a commissioner of court is directed to sell a tract of land and on compliance with the terms of sale to convey the same to the purchaser, and he makes such sale and conveyance and reports the same to the court which confirms the right, this is a sufficient confirmation of the deed, though no deed or copy thereof is returned with the report. Va., etc., C. & I. Co. v. Fields, 3 Va. Law Reg. 665.
Confirmation — Special Term. — A decree was entered at a special term, confirming a report of sale filed before the commencement of the precedingregular term and which could have been acted on at that term. Held, this was not error. Code of 1887, sec. 3062; Harman v. Copenhaver, 89 Va. 836, 17 S. E. Rep. 482.
Sale — Report.—It is error to direct payment of the money and conveyance of the land to the purchaser before the sale is reported and confirmed. Brien v. Pittman, 12 Leigh 379.
Doubts are entertained, however, whether it was regular, in this case, to direct the proceeds of the sale .of the mortgaged land to be paid over to the appellant, before the said sale was confirmed by the court. Anderson v. Davies, 6 Munf. 484.
Conveyance. — it is bad practice upon the confirmation of a sale of land to order the commissioner to convey the legal title to the purchaser; the title should be retained until the purchase money is all paid. Glenn v. Blackford, 23 W. Va. 183.
XXVHI. RIGHT OF DOWER.
The dower right of the widow must be settled before decreeing sale of real estate. Wilson v. Branch, 77 Va. 65.
Assignment — Election of Wido,w. — The dower of the widow should be ascertained and assigned before sale is ordered, unless the widow elects to take the value of the dower from the proceeds of the sale. Underwood v. Underwood, 22 W. Va. 308; Laidley v. Kline, 8 W. Va. 229; Kilbreth v. Roots, 33 W. Va. 600, 11 S. E. Rep. 21; Simmons v. Lyles, 27 Gratt. 922; Wilson v. Branch, 77 Va. 65; White v. White, 16 Gratt. 264; McKittrick v. McKittrick, 43 W. Va. 117, 27 S. E. Rep. 303; Harrison v. Payne, 32 Gratt. 387.
Purchaser — Notice of Dower Right. — It would seem necessary before a sale is made, that the dower of the widow should be set out, so that a purchaser may know what part will pass at once into his possession, and what not until her death, or that a valid arrangement be first made dispensing with her right to have dower in kind in the land. Tracey v. Shumate, 22 W. Va. 500; Coles v. McRae, 6 Rand. 644; Craile v. Meem, 8 Gratt. 496; Buchanan v. Clark, 10 Gratt. 164; Iaege v. Bossieux, 15 Gratt. 83; Howery v. Helms, 20 Gratt. 1; Lipscombe v. Rogers, 20 Gratt. 658; Trimble v. Herold, 20 W. Va. 602.
Vendor’s Lien. — One who is party to a suit for the sale of land under the direction of a court of competent j urisdiction cannot claim a dower right wh ere it appears that the vendor’s lien, for the satisfaction of which the sale is made, is ahead of the dower right. The decision of the court is conclusive in such case. Robinson v. Shacklett, 29 Gratt. 99; Martin v. Smith, 25 W. Va. 579; Sinnet v. Cralle, 4 W. Va. 600.